Appellant was convicted of manslaughter, and his punishment fixed at confinement in the penitentiary for five years.
The first bill of exceptions shows, "that W.A. French was called as a witness for the State, and testified that he was at his table eating breakfast when he heard the shooting at the negro cabin, from one hundred to one hundred and seventy feet from his residence, on the same block on his premises, at which Tom Nash was killed by the defendant, Tom Stevison; that upon hearing the shooting he ran to his back door, and there met Mary Stevison (wife of defendant) who seemed to be very much excited. Then the following question was asked witness by the county attorney, `What did Mary Stevison say to you when you met her at the door, if anything?' And he answered, `I asked her what was the matter?' She told me Tom Stevison had killed Tom Nash there at the cabin and tried to kill her; Tom accused Tom Nash with staying with me; Tom Nash denied it; and Tom Stevison pulled *Page 602 
his gun and began shooting Tom Nash." Appellant objected to the admission of this testimony, because Mary Stevison was the wife of defendant; because irrelevant and immaterial; hearsay; narration by a third party of what happened; not res gestæ; the exclamation of a bystander, not in the presence of defendant, etc. We do not think this testimony was admissible. As far as the res gestæ part of it is concerned, waiving other objections, it comes within the rule; but the wife of defendant was merely a bystander, within contemplation of law, and her testimony would be inadmissible. For a discussion of this subject, see Felder v. State, 2 Tex.Crim. Rep.; 5 S.W. Rep., 145; Williams v. State, 51 S.W. Rep., 220; Nix v. State, 45 Tex.Crim. Rep.; 74 S.W. Rep., 764. The declarations of bystanders not within the knowledge of defendant at the time of being made, are not and cannot be made res gestæ. If these declarations had been made in the presence of defendant, the State might have justly insisted upon its admission, because it called for a reply from defendant; and that silence gave consent and acquiescence in the same. But, as the bill shows, having been made out of the presence of appellant and after the homicide had taken place, he having no knowledge and giving no tacit consent thereto, the same was irrelevant and immaterial testimony, hearsay and highly prejudicial to the rights of appellant. The 26th paragraph of the charge attempts to limit the testimony above discussed, and tells the jury, in substance that such testimony cannot be considered in determining whether or not defendant is guilty of murder or manslaughter in killing deceased. It follows from what is said above as to the admission of this evidence, that this charge is erroneous. The testimony was not admissible for any purpose.
On motion for new trial appellant complains of the 25th paragraph of the court's charge, as follows: "You are instructed, if you believe from the evidence that defendant, Tom Stevison, shot Tom Nash, with a pistol, and killed him, and that while shooting at Tom Nash, if he did, he also shot and wounded a child who was in the same room, then the jury are further instructed that defendant cannot be convicted for unlawfully shooting said child (if he did) in this procedure, and the jury are instructed not to consider that (if it has been established) except as a circumstance in the case, which they should consider along with all other facts and circumstances in evidence in this case, if any, in determining whether defendant was guilty of murder in killing Tom Nash, if he did." This charge is erroneous. It is not proper to draw any such legal conclusion from the accidental (as the record before us shows) shooting of the child. It would be proper to tell the jury that defendant could not be convicted of any offense, except the one for which he was then on trial. But the accidental shooting of the child would not necessarily show or tend to show that appellant was guilty of murder in shooting deceased. The shooting of the child occurring contemporaneously with the shooting of deceased, it would be a provable fact, because a part of the res *Page 603 
gestæ; and it would be well for the court to state, as indicated, that the jury should not convict appellant for any offense except the one then on trial, and not then, except under the rules of law prescribed in the charge.
Appellant reserved various bills of exception to the argument of the county attorney and assistant county attorney. We do not see fit to review these bills seriatim, but desire to say, that no extraneous influences or passion or prejudice should be invoked by prosecuting attorneys to induce a jury to render a verdict otherwise than according to law and the evidence adduced on the trial. It is not proper to ask a jury to convict this defendant in order to stop murder; and it is equally improper to denounce this defendant as being an assassin. The evidence does not show him to be an assassin. Nor was it proper to refer to the great number of murder cases on the docket. We have mentioned these improprieties in the hope that it will not be repeated; and also we hope the suggestion herein will deter prosecuting attorneys from overzeal in the prosecution of other cases. It is proper and right for prosecuting attorneys to use all the legal and legitimate argument growing out of the facts to convict defendants charged with crime; but abuse is not argument, and vituperation is not logic.
For the errors discussed, the judgment is reversed and the cause remanded.
Reversed and remanded.