## CODY RAMBO V. THE STATE.

No. 18731.   Delivered January 27, 1937.

The opinion states the case.

*Schlesinger, Schlesinger & Goodstein* and *J. D. McGuire,* all of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for ten years.

It was alleged in the indictment that appellant robbed Mrs. V. E. Van Horn.   Appellant and Jim Hutton were positively identified as the parties who perpetrated the robbery.   According to the testimony of the State, said parties entered the drug store operated by Mrs. Van Horn and her husband on the 31st

of March, 1936, and, after exhibiting pistols, robbed Mrs. Van Horn of approximately forty-one dollars. As appellant and Hutton were leaving the store, Mr. Van Horn approached and fired several shots at their automobile.

Appellant did not testify, and introduced no witnesses.

In bill of exception No. 5 it is shown that the assistant district attorney, in argument, referred to appellant as a hijacker. In view of the fact that the uncontroverted evidence showed that appellant committed the robbery, we would not feel warranted in holding that the bill of exception presents reversible error.

Several bills of exception relate to testimony to the effect that a witness ran to the home of Mr. Van Horn, and, in the absence of appellant, stated to Mr. Van Horn that the drug store was being robbed, and that the perpetrators of the offense were mistreating Mrs. Van Horn. If it should be conceded that the statement was not res gestae and was hearsay, it is observed that it was shown beyond controversy that Mrs. Van Horn had been robbed and beaten on the occasion in question. She testified: "I was struck on my head and had marks on my shoulders but was struck on the head mostly." In the light of the evidence, we are constrained to hold that the bill fails to present reversible error.

Bill of exception No. 9 reflects the following statement in argument by the district attorney: "Now, gentlemen, if Cody Rambo was not in the Van Horn drug store between 10 and 10:15 or whatever time it was on the night of March 31, 1936, where was he?" As qualified, the bill discloses that the evidence showed that appellant had a brother living in San Antonio and that appellant was acquainted with other people. In short, as qualified, the bill of exception fails to show that appellant was the only person who could have testified as to his whereabouts on the occasion in question. Hence, appellant's objection that the remarks of the assistant district attorney constituted a reference to his failure to testify was not well taken.

Several bills of exception relate to proof to the effort that Jim Hutton, after the robbery, took his automobile to a garage for repairs, and that the car had a number of bullet holes in it. Whether appellant was present or not was immaterial. It was undisputed that Mr. Van Horn fired several shots at the car in which appellant and Hutton left the scene of the robbery. We think the bills of exception fail to present error.

We are of opinion that bill of exception No. 10, as qualified,

·shows that the State laid a proper predicate for the impeachment of the witness Floren Kasharek.

A careful examination of the record leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.