OCELLUS ALFORD V. STATE.

No. 26,299. March 4, 1953.

*Blair & Clifford*, by *E. A. Blair*, Lubbock, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Possessing intoxicating liquor in a dry area is the offense; the punishment, a fine of $750 and 90 days in jail.

Appellant was, by an agent of the Texas Liquor Control Board, apprehended upon the streets of the city of Lubbock driving an automobile in which there was a considerable amount of whisky, gin, and beer. Appellant admitted the ownership of the liquor.

The facts abundantly support the jury's conclusion of guilt.

Appellant did not testify as a witness in his own behalf.

A bill of exception certifies that, in closing argument to the jury, state's counsel said, " 'The defendant did not introduce any evidence as to his job and what he did for a living and as far as you gentlemen are concerned, you don't know what the defendant does for a living.' " ,

The argument was objected to as being a reference to the failure of the appellant to testify as a witness in his own behalf —which objection was overruled. Whereupon, appellant moved that the argument be withdrawn from the jury. The objection and requests were each overruled.

Under the mandatory provisions of Art. 710, C. C. P., it is reversible error for state's counsel, in argument to the jury, to allude to or comment upon the failure of the accused to testify as a witness in his own behalf. To come within that prohibition, however, the argument must be such as cannot be reasonbly applied to the failure of the accused to produce other testimony than his own. Hubbard v. State, 94 Tex. Cr. R. 480, 251 S. W. 1054.

Neither the evidence nor the record before us suggests that there was no person other than the appellant who could have given testimony as to " 'what he did for a living.' " Hence, it cannot be said that the argument complained of was a reference to the failure of appellant to testify. See Rambo v. State, 131 Tex. Cr. R. 613, 101 S. W. 2d 267; Fowler v. State, 157 Tex. Cr. R. 147, 247 S. W. 2d 393.

The judgment is affirmed.

Opinion approved by the court.