JAMES LEE CAMPBELL V. STATE

No. 28,743. January 23, 1957.

*Carl* P. *Hulsey*, Abilene, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted under Art. 527, Vernon's Ann. P.C., of the offense of assisting in the sale of an immoral publication and his punishment assessed at confinement in jail for 60 days and a fine of $100.

The statement of facts reflects that the state offered testimony showing the sale and purchase of a pamphlet between the persons named in the information and also testimony in support of the allegation that appellant assisted in the sale.

It is certified in the statement of facts that the pamphlet was introduced in evidence. However, the pamphlet is not shown therein as an exhibit or its contents in any manner described, nor is the pamphlet found among the papers in the case.

The certificate to the statement of facts certifies that it is a

correct statement of all the facts given in evidence on the trial of the case.

The evidence fails to show that the appellant assisted in selling a pamphlet devoted to immoral conduct of persons as described in the information and therefore is insufficient to support the conviction.

We find no error in the action of the court in overruling appellant's motion to quash the information on the ground that it did not set forth the means or manner in which he assisted in the sale of the literature. In charging the offense, the information alleged that the appellant "did then and there assist Jessie Jackson, in the sale to Paul E. Powell of a pamphlet, to-wit: (describing the pamphlet), devoted mainly to the publication of scandals, whoring, lechery, assignations, and intrigues between men and women and immoral conduct of persons, * * *." Such allegation followed the language of the statute defining the offense and was sufficient to apprise the appellant of the nature of the charge against him.

Because of the insufficiency of the evidence the judgment is reversed and the cause remanded.

Opinion approved by the Court.