## JOHN W. SULLIVAN V. STATE

No. 34,196.   January 31, 1962
Motion for Rehearing Overruled March 1, 1962

*R. P. Langford* and *Francis S. Ainsa,* El Paso, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is shoplifting under Art. 1436e, V.A.P.C.; the punishment, 30 days in jail and a fine of $50.

The testimony of the state shows that the appellant took a tube of nasal spray, one can of black pepper, and a turkey breast roll of the total value of $1.23, from the place it was displayed for sale in a retail Safeway Store; that appellant paid for some items, but not the above named items which he took out of the store without consent. Shortly after leaving the store, appellant was stopped by the manager and assistant manager and asked about the unpaid items. At first he denied taking them, but soon

removed two of them from his pocket and the other fell while moving his arms. Then he offered to pay for them, which was refused, and the police were notified.

Testifying in his own behalf, the appellant admitted purchasing some merchandise in the store but denied taking or having the three items in question. He testified that the manager and assistant manager grabbed him before he left the store, accused him of taking the items, which he denied, and said that he first saw the items in the hands of the assistant manager. Later, he offered to pay for them because he did not want to lose his job.

Appellant contends that Art. 1436e, P.C., the shoplifting statute under which he was convicted, is unconstitutional.

It is insisted that the statute makes the offense charged, whether a misdemeanor or a felony, depend on the evidence instead of the pleadings because it does not require the state to plead the prior conviction or convictions for enhancement or to show a felony.

While it is true that the statute does not mention the state's pleadings in providing for increased punishment or a felony, it is essential that such conviction be properly alleged if the state seeks to enhance the punishment or create an offense based on a prior conviction. 16 Texas Jur. 2d 636, Sec. 411. Art. I, Sec. 10, Texas Constitution, guarantees to every person the right to know the nature and cause of the accusation against him. Arts. 398 and 405 C.C.P.; McKenzie v. State, 159 Texas Cr. Rep. 345, 263 S.W. 2d 562.

The appellant also attacks the statute's constitutionality because it deprives the Justice of the Peace Courts of jurisdiction of offenses of theft under $5.

The legislature may make the taking of any particular kind of property a felony or misdemeanor, regardless of its value, where the punishment is specially prescribed. Art. 1423, P.C. Justices of the Peace have jurisdiction where the fine may not exceed $200, but cannot assess any jail time as punishment. Art. I, Sec. 19, Texas Constitution, and Art. 60 C.C.P. Art. 1436e, P.C., the basis of the instant conviction, authorizes imprisonment in jail in assessing punishment. It is apparent that the legislature intended to enact a special statute defining the instant offense. It controls over the general statute. The contention is overruled.

He further insists that the statute is unconstitutional because its penalty provisions cannot be severed one from another.

The penalty provisions of the Act provide a certain punishment for the primary misdemeanor offense, an increased punishment where one prior conviction of the same offense is alleged, and upon the third conviction for the same offense punishment is authorized for a felony.

The statute is sufficiently definite and certain to apprise an accused of the punishment that may be assessed and applied, and does not offend the Constitution of Texas.

Error is urged on the ground that the prosecutor, in his argument to the jury, stated that the appellant stole the merchandise, and that he was a thief. The testimony of the state shows that the appellant fraudulently took the merchandise as alleged. It further shows that when he was approached immediately after leaving the store, he denied taking the merchandise, but when it was found on him he admitted getting it and offered to pay for it.

It is concluded from the evidence that the argument was a reasonable deduction therefrom and does not constitute reversible error. Dove v. State, 112 Texas Cr. Rep. 231, 15 S.W. 2d 1042; Rambo v. State, 131 Texas Cr. Rep. 613, 101 S.W. 2d 267.

Appellant contends that the trial court erred in sustaining the state's objection to a question asked during his cross-examination of the manager of Safeway Stores. After the manager had testified that Safeway Stores was a corporation, the appellant next asked, "Of what state is it incorporated?" The state's objection to this question was sustained and appellant excepted. There is no showing in the record what the manager's testimony would have been if the court had permitted him to answer the question. In the absence of such a showing, the contention cannot be appraised. 5 Texas Jur. 2d 354, Sec. 209; Richards v. State, 165 Texas Cr. Rep. 176, 305 S.W. 2d 375.

The evidence is sufficient to support the conviction, and no error appearing, the judgment is affirmed.

Opinion approved by the Court.