**E. E. CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 34547.**

Court of Criminal Appeals of Texas.

Dec. 12, 1962.

Elbert R. Jandt, Seguin, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The appeal in this cause was dismissed in a per curiam opinion delivered October 17, 1962, because the record did not reflect that a notice of appeal was entered of record during the term of court at which conviction was had. A supplemental transcript has been filed which contains the notice of appeal, shown to have been entered of record during the term. The cause is reinstated, and the opinion dismissing it is withdrawn.

Appellant was tried by a jury in the County Court of Kerr County, upon an information based upon a complaint filed February 2, 1960, charging the misdemeanor offense of wilfully deserting, neglecting, and refusing to provide for the support and maintenance of his wife, who was in necessitous circumstances, and of minor children under the age of eighteen years, which offense was alleged to have occurred on January 15, 1960. Punishment was assessed at confinement for two years in the county jail.

The statement of facts in narrative form, reflects that the appellant was divorced from his wife, Wanda Clark, in July of 1961; that on January 15, 1960, there were four children under the age of eighteen years; that Wanda Clark worked, and had help from Kerr County and from relatives; that appellant left in January, 1960, and did not write or otherwise contact his family for a period of about one year and furnished no support of any kind from the

first of January, 1960, until May of 1961; that Wanda Clark had seen appellant, from time to time during the period of his absence, hauling cedar posts, which was his usual occupation, followed for many years; and that prior to their separation he had supported himself and his family that way. Mrs. Clark testified on cross-examination that appellant had injured his back, about the year 1940, and at times this injury prevented him from working; that she had not seen appellant personally load cedar posts on the truck but had only seen him and his truck in the cedar yard; that she did not know how much, if any, money the appellant was making but she knew that he was conducting his business.

The deputy county clerk, Weldon Neuendorf, testified that his records reflected that appellant had made two payments of sixty dollars each, in May, 1961, and June, 1961, and no others.

Freddy Crawford testified that he was the son-in-law of appellant and the complaining witness; that during the year 1960 he had taken appellant to a doctor several times and contributed to his support at times; that he had not observed him doing any physical labor; that appellant's visits to the doctor were because of his back complaint. On cross-examination the witness Crawford testified that he had not seen the appellant at all times during the year 1960; that he did not know if the appellant earned any money or not; that appellant had sold the truck he used for hauling and that the truck, as well as a station wagon, were the property of one Evelyn Teague, whom the appellant married in September, 1961; that appellant did not drive the truck or physically load any cedar but was present when it was loaded and that appellant followed the truck to its destination in the station wagon.

Jack Stephens testified as a witness for appellant. Mr. Stephens related that he had been in the business of operating a cedar yard for twenty-five years and had done business with appellant for about twenty years; that appellant had had his " 'ups and downs' " but managed to make a living; that for a period of about four months during 1960 he did not see appellant at all, but that otherwise during 1960 and 1961 appellant was buying and dealing in cedar posts out of his (Stephens's) yard; that appellant came to the yard with a woman, that the woman physically loaded posts, and that he did not observe appellant loading any. Mr. Stephens testified on cross-examination that appellant selected and otherwise arranged for the purchase of posts and subsequently came back personally and paid for them.

█ Appellant contends that the evidence is not sufficient to support the verdict.

We find the evidence sufficient to sustain the jury's finding that appellant had the ability to support his wife and children and did wilfully desert, neglect, and refuse to provide for their support, they being in necessitous circumstances. Palomo v. State, Tex. Cr.App., 352 S.W.2d 737; Article 605, V.A. P.C.

Appellant's only formal bill of exception complains that reversible error was committed when the county attorney, in his opening argument, stated that "not one witnesses had come forward and testified that the defendant's back injury now prevents him from working." Appellant's counsel objected that the statement was a comment on the fact that appellant did not testify.

The trial court sustained the objection and instructed the jury not to consider the same. Motion for mistrial was overruled.

█ We think that the careful trial judge acted out of an abundance of caution. We do not think that such argument was a direct reference to the failure of the accused to testify, nor do we think that Art. 710, V.A.C.C.P., was violated. The remark was a reasonable deduction from the evidence. For the argument to come within the mandatory prohibition of Art. 710, supra, it must be such as cannot be reasonably applied to the failure of the accused to

produce other testimony than his own. Alford v. State, 158 Tex.Cr.R. 311, 255 S.W. 2d 519. In Lewis v. State, 155 Tex.Cr.R. 514, 236 S.W.2d 812, this court held:

"For the argument to offend against the statute, Vernon's Ann.C.C.P. art. 710, prohibiting allusion to or comment upon the failure of a defendant to testify, the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to the defendant's failure to testify must be a necessary one. It is not sufficient that such language might be construed as an implied or indirect allusion thereto."

See cases there cited.

Appellant's contention is without merit and is overruled.

The judgment is affirmed.