

On the other hand, if the corporation court was without jurisdiction to enter a judgment remanding the appellant to custody until a fine of $1210 and costs were paid, appellant's confinement under such judgment is unlawful and he should be discharged.

Without having before us the facts relating to the validity of the judgment, we are unable to pass upon the question.

The order of the District Judge remanding the appellant to custody is reversed and the cause is remanded with instructions that, if the questions are not moot, such evidence as may be offered be heard and judgment be rendered as the judge finds proper concerning the jurisdiction of the corporation court to enter the judgment and the validity of the judgment.

George T. Thomas, Big Spring, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is shoplifting (Art. 1436e Vernon's Ann.P.C.); the punishment, 3 months in jail and a fine of $300.

The complaint and information alleged that the appellant, "while in a retail business establishment, to-wit: J. C. Penney Company, did then and there remove from its place a half slip, of the value of $3.98, that was displayed for sale with the intent to fraudulently take and to deprive the owner, to-wit: Paul Hathaway, of the value of the same and to appropriate the same to the use and benefit of the said Trinidad Torres."

The complaint and information are deficient in that there is no allegation to the effect that the accused was legally in the Penney Company store as an invitee or licensee.

Art. 1436e V.A.P.C. was upheld as a special statute in Sullivan v. State, Tex. Cr.App., 354 S.W.2d 168.

One of the provisions of the shoplifting statute which distinguishes the offense therein defined from theft and embezzlement is that the accused be legally in the retail business establishment as an invitee or licensee. The statute does not apply to persons on the premises as employees nor does it apply to one who makes a burglarious entry into the establishment.

---

**Trinidad TORRES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36043.

Court of Criminal Appeals of Texas.

Nov. 13, 1963.

The complaint and information being insufficient to support a conviction for shoplifting, the trial court erred in overruling appellant's motion in arrest of judgment.

The judgment is reversed and prosecution under the present complaint and information is ordered dismissed.

**Donald Gene TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36059.**

Court of Criminal Appeals of Texas.

Nov. 13, 1963.

L. D. Hillyer, E. P. Woodruff, Jr., Brownwood, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is obtaining a thing of value by the giving of a worthless check in the sum of over $50 (Art. 567b, Vernon's Ann. P.C.); the punishment, enhanced by two prior convictions for felonies less than capital (Art. 63 P.C.), life.

The indictment alleged that appellant made and delivered the check to A. Lock in exchange for a railroad ticket which was described in the indictment and was alleged to be a thing of value and as being of the value of more than $1.00.

The evidence shows that the appellant boarded a train of the Gulf, Colorado and Santa Fe Railway Company at Comanche, Texas, and upon arriving at Brownwood went to the ticket office and purchased from A. Lock a ticket for transportation from Comanche to Los Angeles, California and return; that he acquired such ticket by the drawing and delivery of a check in the sum of $125.62 drawn on the Temple National Bank of Temple, Texas; that he had no account in the bank on which the check was drawn, and payment was refused by the bank.

Two prior convictions were proved as alleged.