

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

July 8, 1965

Honorable R. L. Lattimore
Criminal District Attorney
Hidalgo County
Edinburg, Texas

Opinion No. C-462

Re: Whether a corporation court
has jurisdiction on a complaint
charging theft of personal pro-
perty of the value of $5.00 or
under, where such property is
stolen from a retail establish-
ment under conditions defined by
Article 1436e, V.P.C. (The Shop-
lifting Statute)

Dear Mr. Lattimore:

You recently requested an opinion of this office on
the following question:

"... /W/here. . .property of the
value of $5.00 or under is taken under
conditions which constitute shoplifting,
/as defined in Article 1436e, Vernon's
Penal Code/ may the prosecution be insti-
tuted in Corporation Court under the mis-
demeanor theft statute, Article 1422, P.
C.?"

Article 1436e, Vernon's Penal Code, is a special stat-
ute defining the offense of shoplifting. Sullivan v. State,
354 S.W.2d 168 (Tex.Crim. 1962). Article 1422, Vernon's Penal
Code, is a general penalty provision of the ordinary theft stat-
ute, Article 1410, Vernon's Penal Code. Under Article 4, Vernon's
Penal Code, a special provision controls over a general provision
on the same subject, if there be a conflict.

"An examination of Article 1436e and
Article 1410 reveals a difference in the
essential elements of each offense. First,
and most importantly, the Shoplifting Stat-
ute does not require the element of want of
consent essential to a prosecution under
ordinary theft. Further, the Shoplifting
Statute requires that the person be on the
retail business premises legally. Obviously

-2200-

Honorable R. L. Lattimore, page 2 (C-462)

no such element is required under ordinary
theft."   Attorney General's Opinion WW-1478
(1962).

By thus comparing the provisions of these articles,
it will readily be found that the elements of the offenses are
quite distinct, while there may be one or more common to both,
and that these articles define different offenses.  This being
true, there is no conflict which would impair either statute's
validity, and the clear meaning of Section 7 of Article 1436e
would apply, giving the State the right of election between the
offenses in a proper case.  This provision of the Penal Code
reads as follows:

Article 1436e, Section 7.

"Sec. 7.   Where property is obtained in
such manner that the acquisition thereof
constitutes both shoplifting and some other
offense, the party thus offending shall be
amenable to prosecution at the state's elec-
tion for shoplifting or for such other of-
fense as may have been committed by him."

Article 1423, Vernon's Penal Code, states that Arti-
cle 1422 does not apply to theft of property from the person
nor to cases of theft of any particular kind of property where
the punishment is specially prescribed.  Section 3 of Article
1436e provides for special punishment for violation of the Shop-
lifting Act.  However, Section 7 of Article 1436e gives the State
the election to prosecute an offending party for shoplifting or
for such other offenses as may have been committed by him.  It
is the opinion of this office that if the State elects under
Section 7 of Article 1436e to prosecute an offending party for
theft under Article 1410, this election would prevent Article
1423 from applying and the punishment for violation of Article
1410 would be prescribed by Article 1422.

Jurisdiction for a violation of Article 1436e would
lie in the County Court or District Court by reason of Section
3 thereof.

Jurisdiction for violation of Article 1410 would lie
in either the Justice of the Peace Court or the Corporation
Court if the property involved is of the value of five dollars
or under.  Article 60, V.C.C.P.; Article 5, Section 19 of the

Honorable R. L. Lattimore, page 3 (C-462)

Constitution of the State of Texas; Article 62, V.C.C.P., and Article 1195, V.C.S.

The Court of Criminal Appeals did not rule on the question presented herein in Sullivan v. State, supra. In the Sullivan case the State elected to try the accused under the Shoplifting Statute. Under these facts, the Court held:

"It is apparent that the legislature intended to enact a special statute defining the instant offense. It /Art. 1436e, P.C., Shoplifting/ controls over the general statute. /Article 5, Section 19, Texas Constitution and Article 60, C.C.P./"

It is, therefore, the opinion of this office that where property of the value of $5,00 or under is taken under conditions which constitute either theft or shoplifting, the State may elect to try the accused either under the Shoplifting Statute in the County or District Court or under the misdemeanor theft statute in the Justice of the Peace or Corporation Court.

## SUMMARY

Where property is obtained in such manner that the acquisition thereof constitutes both shoplifting and misdemeanor theft of property of the value of $5.00 or under, the party thus offending shall be amenable to prosecution at the State's election for shoplifting or for misdemeanor theft. Where the State elects to prosecute for misdemeanor theft, jurisdiction of the complaint is in the Justice of the Peace or the Corporation Court.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: DOUGLAS H. CHILTON
Assistant Attorney General

DHC/lh/br

Honorable R. L. Lattimore, page 4 (C-462)

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Bob Flowers
John Banks
Sam Kelley
Brady Coleman

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright