Elbert WOODS, Appellant,

v.

The STATE of Texas, Appellee.

No. 38408.

Court of Criminal Appeals of Texas.

Oct. 4, 1965.

Cattanach, Capps, Turner, Coe, Reardon, Chaney & Thorne, by Joe E. Turner, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, R. W. Hope, Jr., and Joe Shaffer, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is under Art. 1436e, Vernon's Ann.P.C., for the felony offense of shoplifting; the punishment, enhanced under Art. 63, V.A.P.C., by reason of two prior convictions for felonies less than capital, life imprisonment.

The indictment charged, in substance, that on or about the 23rd day of December, 1963, appellant committed the primary offense of shoplifting while in the business establishment of Thoede Auto Supply Company, Incorporated, as an invitee and guest, by removing one battery of the value of less than fifty dollars from its place in the establishment, where it was being kept, stored, and displayed for sale, with the intent to fraudulently take the said property and deprive the owner of the value thereof and appropriate it to his own use and benefit.

It was alleged that on such date appellant had theretofore been twice duly and legally convicted of two misdemeanor offenses of shoplifting, the first conviction being on March 16, 1962, in Cause No. 164987 in the County Criminal Court at Law No. 1 of Harris County, and the second conviction being on September 12, 1963, in Cause No. 182,740, in County Court at Law No. 2 of Harris County, for an offense committed after the first judgment of conviction had become final.

The indictment further charged that, prior to the commission of the primary offense, appellant had been finally convicted of two felonies less than capital, the first conviction being in the Criminal District Court No. 3 of Harris County, on August 5, 1954, in Cause No. 72351, for the offense of theft, and the second conviction being in the Criminal District Court No. 2 of Harris County, on October 13, 1959, in Cause No. 88886, for the offense of theft committed after the first judgment of conviction had become final.

We overrule appellant's contention that the indictment is fatally defective because it authorizes the enhanced punishment under Art. 1436e, supra, by reason of the two prior misdemeanor convictions for shoplifting, to be further enhanced under Art. 63, V.A.P.C., by reason of the two prior convictions for felonies less than capital.

In Tomlin v. State, 170 Tex.Cr.R. 108, 338 S.W.2d 735, we held that the punishment for a subsequent conviction under the Narcotic Drug Act, Art. 725b, V.A.P.C., could be enhanced under Art. 63, supra, the general enhancement-of-punishment statute. In the opinion in that case, it was pointed out that the punishment for violation of Art. 802b, V.A.P.C., may be enhanced under Art. 63, supra, the prior convictions being for other non-capital felonies.

In this connection, it should be noted that proof was made by the state, in the manner which has been approved by this court, by the introduction in evidence of certain judgments of conviction, official records, and comparison of fingerprints by an expert, that appellant had been twice convicted of the two alleged misdemeanor offenses of shoplifting and that the 1963 conviction was for an offense committed after the 1962 conviction had become final.

In like-manner, proof was made that appellant had been twice convicted of the two

alleged offenses of felony theft, but there was no showing that the conviction in 1959 was for an offense committed after the 1954 conviction had become final.

■ In the absence of such proof, appellant's punishment cannot be enhanced under the provisions of Art. 63, supra. In the two recent cases of Rogers v. State, 168 Tex.Cr.R. 306, 325 S.W.2d 697, and 169 Tex.Cr.R. 239, 333 S.W.2d 383, it was pointed out that to invoke the provisions of Art. 63, supra, it is necessary that each succeeding conviction be subsequent to the previous conviction both in point of time of the commission of the offense and the conviction therefor. See, also, Cowan v. State, 172 Tex.Cr.R. 183, 355 S.W.2d 521.

■ While, under the record, appellant's punishment cannot be enhanced under Art. 63, supra, there is no reason why it cannot be enhanced under Art. 62, V.A.P.C., as a subsequent conviction for a non-capital felony offense of like character, and fixed at the maximum punishment of five years, provided by Art. 1436e, supra, for the commission of the felony offense of shoplifting. Haines v. State, Tex.Cr.App., 391 S.W.2d 58. Clearly, shoplifting and theft are offenses of like character and the record shows that appellant committed the primary felony offense of shoplifting after the prior convictions for felony theft had become final.

■ We also overrule appellant's contention that Art. 1436e, supra, is void for indefiniteness by reason of the following language in the statute:

"Section 1. Any person while legally in a retail business establishment as an invitee or licensee who removes from *its place,* goods, edible meat or other corporeal personal property of any kind or character * * *." (Emphasis supplied.)

We do not agree that the use of the words, "its place," renders the statute indefinite. Clearly, these words refer to the removal of goods from the place where they are located in the establishment. The indictment follows such interpretation of the statute and is sufficient. See: Henderson v. State, Tex.Cr.App., 362 S.W.2d 322, where the statute was upheld against various attacks of indefiniteness.

Briefly, the state's evidence shows that, on the date alleged, the appellant went into the Thoede Auto Supply Company, which was a business establishment located at 4370 Holmes Road in the city of Houston.

Wesley Langham, an employee in the store, testified that on such occasion he saw appellant between the battery rack and the door, with a twelve-volt Delco battery in his possession; that when he hollered at appellant, he (appellant) said "whoops you caught me," and then ran outside the door and back inside and set the battery down, and left.

E. E. Fuller, manager of the store, testified that he was present when appellant took the battery out of the store; that the battery had a value of $28 and was displayed for sale in the business establishment and was taken without the consent and permission of the witness.

As a witness in his own behalf, appellant admitted going into the store on the day in question and stated that after entering the store he walked over to the battery rack, picked up the battery, and, after he had finished looking at it, put it back in the same place, and left. Appellant denied taking the battery outside the store and swore positively that he did not steal it.

The jury by their verdict rejected appellant's explanation of the transaction.

■ We find the evidence sufficient to support the conviction, and overrule the contention that the evidence is insufficient to support a finding that appellant intended to deprive the owner of the value of the battery. Appellant's actions as described by the two witnesses, including his statement, "whoops you caught me," and his flight

from the scene, were amply sufficient to warrant a finding by the jury that appellant removed the battery from its place in the store, with the intent to deprive the owner of the value of the same and appropriate it to his own use and benefit.

█ It is contended that the court erred in refusing to give appellant's requested instruction which would have charged the jury, in substance, that if they believed that appellant stole the battery but also believed or had a reasonable doubt that he voluntarily returned it before prosecution commenced then they would find him guilty and assess his punishment at a fine of not to exceed $1,000.

Appellant insisted that under the facts and the provisions of Art. 1424, V.A.P.C., he was entitled to such an instruction.

With such contention we do not agree. Art. 1436e, supra, defining the offense of shoplifting, is a special statute. Sullivan v. State, 172 Tex.Cr.R. 156, 354 S.W.2d 168. Art. 1424, supra, is one of the general statutes relating to the offense of theft. It would not be applicable to the special statute of shoplifting, Art. 1436e, supra. We further observe that should Art. 1424, supra, be held applicable to the statute denouncing shoplifting, the facts in the present case do not raise the issue of voluntary return of the battery before prosecution. Appellant, in his testimony, denied stealing the battery and did not raise the issue of its voluntary return. The testimony of the two state's witnesses present at the time appellant removed the battery does not raise an issue of voluntary return.

█ Appellant's remaining contention that permitting the state to read the indictment containing the allegations as to the prior convictions constituted a denial of due process to him under the Fourteenth Amendment to the Constitution of the United States has been recently rejected by this court and will not be discussed. See: Crocker v. State, Tex.Cr.App., 385 S.W.2d

392, and cases there cited. See, also, Breen v. Beto, Fifth Circuit of Appeals, 341 F.2d 96.

The judgment and sentence are reformed to provide for appellant's confinement in the Texas Department of Corrections for a term of five years.

As reformed, the judgment is affirmed.

Opinion approved by the court.

MORRISON, J., not participating.