**Chester BASS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41055.**

Court of Criminal Appeals of Texas.

Feb. 14, 1968.

Rehearing Denied April 3, 1968.

Second Rehearing Denied May 22, 1968.

ment, in the County and State, aforesaid, did fraudulently take and carry away from the office of W. B. Barfield, the Clerk of the Corporation Court of the City of Houston, of Harris County, Texas, certain filed papers, to-wit, four complaints numbered 64260795, 64260796, 64260797 and 64260798, styled The State of Texas vs. James Vernon Hodges, which said papers were then and there lawfully deposited in said office, with the intent to destroy, suppress, alter, conceal, and dispose of the same, so as to prevent the lawful use of such filed papers."

We shall discuss the grounds of error urged by appellant in his brief filed with the clerk of the trial court.

It is insisted that the court erred in overruling appellant's motion to quash the indictment because it did not allege, in particular, what "lawful use" appellant sought to prevent in taking the complaints. It is also contended that error was committed by the court in overruling appellant's exception to the court's charge for failing to define the term "lawful use" and in refusing to grant his motion for an instructed verdict of not guilty because no evidence was presented with reference to the lawful use which appellant prevented.

Bobby H. Caldwell, James B. Turner, Houston, for appellant.

Carol S. Vance, Dist. Atty., Joseph W. Doucette and R. W. Hope, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

Appellant was convicted under Art. 1427, P.C., of the offense of theft of filed papers and his punishment was assessed at confinement in the Texas Department of Corrections for a term of seven years.

Upon recommendation of the jury, imposition of sentence was suspended by the court and appellant was placed upon probation upon certain terms and conditions.

The indictment, omitting the formal parts, charged:

" * * * that CHESTER BASS on or about the 16th day of December, A.D. 1964, in said County and State, and anterior to the presentment of this indict-

■ It should first be noted that the indictment, as drawn, followed the language of the statute, Art. 1427, supra. This is ordinarily sufficient. 30 Tex.Jur.2d 580, Sec. 27; Borski v. State, 154 Tex.Cr. App. 84, 225 S.W.2d 180; Campbell v. State, 164 Tex.Cr.App. 172, 297 S.W.2d 847. It also follows the form suggested in Willson's Criminal Forms, Seventh Edition, Sec. 1974, at page 451.

■ Under the provisions of Art. 45.01, Vernon's Ann.C.C.P., the purpose of a complaint in corporation court is to commence the proceedings and thereby confer jurisdiction upon the court. This is the ordinary purpose and lawful use of a complaint.

See: Bragg v. State, 109 Tex.Cr.App. 632, 6 S.W.2d 365, cited by appellant.

■ We do not agree that the indictment should have specifically alleged what "lawful use" appellant sought to prevent in taking the complaints.

■ Witte v. State, 21 Tex.App. 88, 17 S.W. 723, cited by appellant, is clearly distinguishable from the present case, because in that case the filed paper was a deed which the state contended had been forged by the accused and then destroyed to prevent its being used in a prosecution against him for forgery. In the present case there is no indication that the complaints filed in the corporation court against James Vernon Hodges were for any use other than to lawfully commence prosecution against him. Proof that appellant took the complaints on file was sufficient to authorize the jury to find that he did so to prevent their lawful use.

■■ While appellant's complaint to the court's charge for failing to define "lawful use" is not properly before us for review —no exception having been made to the charge, in writing, as required by Arts. 36.14 and 36.15, C.C.P.—we observe that, under the facts, no definition was required.

In his next ground of error, appellant insists that the court erred in failing to grant him a new trial because "the verdict of the jury is contrary to the Law and the evidence."

■ It is first insisted that the state's case fails because there was no evidence that the four complaints were ever seen by W. B. Barfield, the corporation court clerk named in the indictment.

While the proof does not show that Barfield actually saw the original complaints, his testimony, together with that of his assistant, G. J. Sullivan, does show that the complaints were made and filed. Later they were found missing, and duplicate copies were made.

The existence of such complaints was further established by the testimony of James Vernon Hodges—which was, in substance, that he gave appellant $115 to pay and take care of four traffic tickets and later, in appellant's office, he saw the four complaints when appellant tore them up and put them in the trash.

■ It is further insisted that the evidence is insufficient because there was no proof that the four complaints were regular and valid on their face.

We do not construe Art. 1427, supra, as requiring that the state prove the papers on file and unlawfully taken were valid instruments.

■ Appellant lastly insists that his conviction cannot stand, under Art. 38.14, C.C. P., because it is based upon the testimony of the witness James Vernon Hodges, who was shown to be an accomplice as a matter of law and whose testimony was not sufficiently corroborated.

While the record shows that the witness Hodges went to appellant, who was holding himself out as a bondsman, for the purpose of having appellant pay off and take care of the four traffic tickets, the evidence does not show that as a matter of law Hodges was a party to the crime of unlawfully taking the complaints.

■ No issue was submitted to the jury as to whether the witness was an accomplice. Appellant is in no position to complain of the court's failure to submit such issue, in the absence of an exception to the court's charge or a request in writing, as required by Arts. 36.14 and 36.15 of the Code of Criminal Procedure. Smith v. State, Tex.Cr.App., 415 S.W.2d 206. We overrule the contention and find the evidence sufficient to sustain the conviction.

■ Appellant's complaint to certain jury argument and of the court's action in permitting a witness to testify in the case, presented for the first time in his supple-

mental brief filed in this court, will not be considered as unassigned error, under Sec. 13 of Art. 40.09, C.C.P.

The judgment is affirmed.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

Appellant urges that we consider as unassigned error his complaint that certain remarks of counsel for the state were comments upon his failure to testify.

■ Deprivation of a constitutional right will be reviewed in the interest of justice, though unassigned. McClellan v. State, Tex.Cr.App., 413 S.W.2d 391.

The claim of error advanced for the first time by supplemental brief filed in this court related to three remarks of counsel for the state in his opening argument: (1) "I would like to point out first of all the difference between the words justice and mercy. Is a person entitled to mercy unless he asks for it?" (2) "There wasn't any testimony brought to you to determine the guilt or innocence of this defendant from that side of the table," and (3) "Let me ask you if Velta Robinson wasn't in that person's office, why wasn't she here to testify?"

■ We do not agree that either of the above quoted remarks of counsel for the state necessarily constituted a direct or indirect reference to appellant's failure to testify.

As to the first complained of remark, it is observed that persons other than the accused, including his counsel, may ask for mercy for him and he himself may ask for mercy by means other than taking the stand as a witness.

The second remark can be reasonably applied to the failure of the defense to produce the witness Velta Robinson or other testimony than that of the defendant.

The third remark complained of clearly reflects that the reference was not to the failure of the defendant to testify but to the failure to produce Velta Robinson, an available witness.

"For the argument to come within the mandatory prohibition of Art. 710, supra, (now Art. 38.08 V.A.C.C.P.) it must be such as cannot be reasonably applied to the failure of the accused to produce other testimony than his own." Clark v. State, Tex.Cr.App., 362 S.W.2d 647. See also Ramos v. State, Tex.Cr.App., 419 S.W.2d 359, 367; Costilla v. State, 168 Tex.Cr. R. 335, 327 S.W.2d 593; Alford v. State, 158 Tex.Cr.R. 311, 255 S.W.2d 519; and cases cited under Art. 38.08 V.A.C.C.P., Note 77.

In Barrera v. State, 165 Tex.Cr.R. 387, 307 S.W.2d 948, there was no witness to refute the testimony of the state's witness other than the defendant Barrera.

We find no violation of Art. 38.08 V.A. C.C.P. or of appellant's rights under the self-incrimination provision of the 5th Amendment of the Constitution of the United States as construed by the Supreme Court in Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106; and Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

Remaining convinced that the appeal was properly disposed of on original submission, appellant's motion for rehearing is overruled.