Glenn Morris **MANNING**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–81–0552–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 18, 1982.

Melvin Lampley, Houston, for appellant.

Winston E. Cochran, J., Houston, for appellee.

Before SMITH, BASS and DYESS, JJ.

SMITH, Justice.

The appellant was found guilty by a jury of burglary of a habitation with the intent to commit theft. He pled true to the enhancement count and the judge assessed his punishment at sixteen years imprisonment in the Texas Department of Corrections. The appellant's two grounds of error allege improper argument by the prosecution and insufficiency of the evidence.

The facts, briefly stated, reveal that on November 12, 1980, a private security guard was notified by a cab driver that a burglary was in progress at one of the apartments being guarded by the private security guard. The guard went to the apartment, identified himself, and asked whoever was in the apartment to come out. Whereupon, the appellant came out of the apartment, and on being asked for his identification refused to give it. The two then got into a "tussle", and the appellant fled to another

apartment where he was apprehended and taken to the security office. The guard had the appellant remove all the contents from his pockets, and the appellant removed jewelry and some "Thai" money. The appellant led the security guard to an abandoned apartment where the owner's television and cassette player were recovered. The guard notified the police, who took so long in coming that the guard returned to the appellant all of the contents that had been removed from the appellant's pockets, and released him. Later that day, a student from Thailand who lived in the apartment returned and found that her apartment had been burglarized. She notified the police of the burglary, and upon the arrival of the police, advised them of the burglary and her loss of a television, a cassette, some jewelry, a watch and some "Thai" money. An investigation by the police resulted in the arrest and indictment of the appellant for the burglary.

The appellant's first ground of error alleges that the State's prosecutor called the appellant "a thief" during the State's closing argument and that irreparable prejudicial harm occurred by inflaming the jury's mind. The appellant asserts that it is a well recognized rule of law that forbids argument on the part of the prosecutor which is abusive or inflamatory, and that "abuse is not argument, and vituperation is not logic." *Stevison v. State*, 48 Tex.Cr.R. 601, 89 S.W. 1072, 1073 (1905).

■ The Texas Court of Criminal Appeals has stated that jury arguments may cover the following areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973). In *Hollowell v. State*, 571 S.W.2d 179 (Tex.Cr.App.1978), it was held that calling the defendant an "habitual criminal," during the punishment state was a reasonable deduction from the evidence. In *Valdez v. State*, 462 S.W.2d 24 (Tex.Cr.App.1970), it was held that the use of the phrase ". . . band of thieves, expert thieves . . . ," was supported by the

evidence. In *Sullivan v. State*, 172 Tex. Cr.R. 156, 354 S.W.2d 168 (1962) the use of the term "thief" was held to be a reasonable deduction, where the evidence showed that the defendant was guilty of shoplifting. In this case the evidence shows that the appellant was found inside of an apartment without the owner's consent, that he fled from a security guard into another apartment, that the inhabitant of the burglarized apartment was a Thailand student, that Thailand money was found in possession of the appellant, that jewelry of the Thailand student was found in the possession of the appellant, and that the appellant led a security guard to an abandoned apartment where the owner's television and cassette player were recovered. Under these facts we are of the opinion that the State's argument in calling the appellant a "thief" was a reasonable deduction from the evidence. The appellant's first ground of error is overruled.

■ The appellant's second ground of error contends that the circumstantial evidence was insufficient to sustain the conviction of a burglarious entry with intent to commit theft. To support this contention the appellant argues that there was no showing that the appellant had broken the window and made an unlawful entry into the apartment and that no fingerprints of the appellant were found, even though the appellant was not found wearing gloves. He further alleges that the State's evidence is a conglomeration of inadequate circumstantial evidence from which a jury could not reasonably conclude that every reasonable hypothesis other than guilt was excluded. We cannot agree with these assertions of the appellant. The appellant was found in the apartment without the consent of the owner, he attempted to flee and was apprehended, he had personal possession of property taken from the owner's apartment and, as stated above, he led the security guard to an abandoned apartment where the owner's television and cassette player were recovered.

An instruction as to circumstantial evidence is not required when the main fact is

proved by direct testimony and only the question of the defendant's intent is to be inferred from the circumstances. *Cadd v. State,* 587 S.W.2d 736 (Tex.Cr.App.1979). The jury may accept or reject any or all of the testimony of any witness, and in this case it apparently rejected the testimony of the appellant. See, *Carlisle v. State,* 549 S.W.2d 698 (Tex.Cr.App.1977). We are of the opinion that there is sufficient evidence to sustain the conviction of burglary with intent to commit theft. Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.