IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-355-CR




DONALD HOLLIFIELD,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 0913649, HONORABLE BOB PERKINS, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault of a child. Tex. Penal
Code Ann. § 22.021 (West 1989). The district court assessed punishment at imprisonment for
five years.

 Appellant contends the evidence is legally insufficient to sustain the jury's verdict. 
In determining the legal sufficiency of the evidence to support a criminal conviction, the question
is whether, after viewing all the evidence in the light most favorable to the verdict, any rational
trier of fact could have found the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App.
1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981).

 The jury found that appellant intentionally or knowingly caused the complainant's
sexual organ to contact appellant's mouth. The complainant was appellant's stepdaughter and nine
years old at the time of trial. She testified that appellant "was blowing on my stomach right here
to make it tickle, and I don't know if he did it on purpose or accident, but then he kissed my front
private part." She stated that he did this for "just a minute and then he went out of my room." 
The complainant also testified that on another occasion, she touched appellant's "front private
part" with her hand after he told her that "if I didn't touch his front private part that he would tell
mom that he saw me hitting my brother."

 Esther Vela, a social worker under contract with the sheriff's department,
conducted a videotaped interview with the complainant. (1) Vela testified:


[The complainant] first stated that [appellant] had accidentally placed his mouth on
her private and her panties had been pulled down at that time. It happened during
a time when he came into the room to kiss her goodnight. Then she went on to
describe how that happened and she showed with the dolls. She also talked about
how he would lift her up, hold her up and bring her down and rubbing up against
his body, positioning her private right up against his private where she could feel
him pressing up against her. This incident happened several times and it happened
with his clothing and without his clothing. So at times he wasn't dressed when it
would happen.



The complainant also described this "rubbing" to Dr. Beth Nauert, a pediatrician with experience
in child abuse cases. 

 Appellant relies on testimony that the complainant, on a least one occasion,
retracted her statements and denied that appellant had touched her in an improper way. He also
points to the testimony of two psychologists who viewed Vela's videotaped interview of the
complainant and read the reports of the counsellors to whom the complainant had spoken. 
According to the defense psychologists, the complainant's statements to Vela contained numerous
ambiguities and did not constitute a clear allegation of sexual abuse. In his own testimony,
appellant denied touching the complainant as alleged.

 The credibility of the witnesses and the weight to be given their testimony was for
the jury to determine. Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). Based on the
complainant's testimony, a rational trier of fact could conclude beyond a reasonable doubt that
appellant touched the complainant's sexual organ with his mouth. Although the complainant
testified that this touching may have been accidental, a rational trier of fact could infer from the
testimony that appellant forced the complainant to touch his penis and rubbed the complainant's
body against his own that the charged conduct was intentionally or knowingly committed. Point
of error one is overruled.

 Appellant also contends the State failed to prove venue. This Court must presume
that venue was proved unless it was made an issue below or it otherwise affirmatively appears to
the contrary from the record. Tex. R. App. P. 80(d). Appellant's plea of not guilty did not place
venue in issue. Holdridge v. State, 707 S.W.2d 18, 20-21 (Tex. Crim. App. 1986). Appellant
did not move for an instructed verdict or otherwise raise the venue issue in the district court. Cf.
Black v. State, 645 S.W.2d 789 (Tex. Crim. App. 1983). Appellant cites no evidence
affirmatively indicating that Travis County was not the proper venue for this prosecution, and we
have found none in our review of the record. Thus, the Rule 80(d) presumption applies. Point
of error two is overruled. 

 Next, appellant contends that Vela's testimony was erroneously admitted as outcry
testimony because she was not shown to be the first person to whom the complainant made a
statement about the offense. Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a)(2) (West Supp.
1994). Appellant points out that the complainant spoke to a child abuse caseworker before being
interviewed by Vela, and the complainant at one point testified that she told this other person
about appellant placing his mouth on her sexual organ. The complainant later changed her
testimony, saying that Vela was the first person to whom she spoke of this incident. 

 The outcry witness under article 38.072 must be the first adult to whom the child
makes a statement that in some discernable manner describes the alleged offense. Garcia v. State,
792 S.W.2d 88, 91 (Tex. Crim. App. 1990). A general allusion to sexual abuse, or some other
statement that arguably relates to what later evolves into an allegation of child sexual abuse does
not constitute an outcry statement within the meaning of the statute. Id. The parlance of children
is often not exact, and the trial court's identification of the first person to whom the child spoke
of the alleged offense will not be disturbed absent an abuse of discretion. Id. at 91-92. In this
cause, the district court's determination that Vela was the outcry witness is supported by the
testimony. No abuse of discretion is shown and point of error five is overruled.

 Finally, appellant complains of jury argument that he contends denied him due
process and due course of law. U.S. Const. Amend XIV; Tex. Const. art. I, §§ 10, 19. During
his concluding argument at the guilt stage, the prosecutor referred to the two psychologists who
testified for the defense as "quacks" and "court whores," who "for thirty pieces of silver sell their
professional objectivity to the defense and say whatever it takes to make this not be what it is." 
During the same argument, the prosecutor referred to appellant, who had no prior criminal record,
as an "ordinary criminal." Appellant did not object to any of these remarks.

 In general, a defendant waives any impropriety in prosecutorial argument by failing
to make a timely objection. Romo v. State, 631 S.W.2d 504, 505 (Tex. Crim. App. 1982). This
rule applies even when the defendant asserts a violation of his constitutional or statutory rights. 
Borgen v. State, 672 S.W.2d 456, 460 (Tex. Crim. App. 1984). An exception exists, however,
when the prosecutor's argument is so manifestly improper and prejudicial that an instruction to
disregard could not cure the harm. Briddle v. State, 742 S.W.2d 379, 389 (Tex. Crim. App.
1987).

 As the State concedes in its brief, the name-calling engaged in by the prosecutor
in this cause has no place in jury argument. "[A]buse is not argument, and vituperation is not
logic." Stevison v. State, 89 S.W. 1072, 1073 (Tex. Crim. App. 1905). Nevertheless, these were
isolated incidents and not part of a course of conduct calculated to deny appellant a fair trial. Cf.
Cook v. State, 540 S.W.2d 708 (Tex. Crim. App. 1976); Koller v. State, 518 S.W.2d 373 (Tex.
Crim. App. 1975); Boyde v. State, 513 S.W.2d 588 (Tex. Crim. App. 1974); Renn v. State, 495
S.W.2d 922, 924 (Tex. Crim. App. 1973); Stein v. State, 492 S.W.2d 548 (Tex. Crim. App.
1973). We believe that the prosecutor's remarks, which came during an otherwise
unobjectionable effort to discredit the defensive theory that the complainant's accusations were
the product of questionable interviewing techniques, were not so improper as to be incurable by
instruction. Cazares v. State, 488 S.W.2d 110, 112 (Tex. Crim. App. 1972) (reference to
defendant as "dope peddler" cured by instruction); Washington v. State, 484 S.W.2d 721, 723
(Tex. Crim. App. 1972) (reference to defendant as "grim reaper" curable by instruction); Powell
v. State, 475 S.W.2d 934, 935 (Tex. Crim. App. 1972) (reference to defendant as "idiot" not
reversible error); Grant v. State, 472 S.W.2d 531, 532-33 (Tex. Crim. App. 1971) (references
to defendant as "beast," "beast-like man," "Red Devil," and "Jim Devil" not reversible error). 
Points of error three and four are overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: June 1, 1994

Do Not Publish

1. The videotape was viewed by the jury.