CODY BRAGG V. THE STATE.

No. 11777.   Delivered May 16, 1928.

**1.—Playing Cards—Former Jeopardy—No Complaint Being Filed—Did Not Attach.**

Where appellant was arrested by officers for unlawfully playing cards in Tahoka and went before the Corporation Court of Tahoka without a legal complaint having been filed against him in said court, and entered a plea of guilty and paid a fine, such plea of guilty was no bar to a subsequent prosecution for the same offense, either in said Corporation Court or the County Court of the county, for jurisdiction over his person had not attached in said Corporation Court.

**2.—Same—Concurrent Jurisdiction—Rule Stated.**

Where a complaint charging appellant with unlawfully playing cards was filed against him on November 17 and before he was arrested on such complaint, a complaint charging the same identical offense was filed against him on November 19 in a Corporation Court of the same county, his conviction in the Corporation Court was a bar to any further prosecution for the same offense in the County Court.

**3.—Same—Continued.**

Where two courts have concurrent jurisdiction of an offense the first court which acquires jurisdiction of the person retains it to the exclusion of any other court.

**4.—Same—Continued.**

Under Art. 64, C. C. P., the facts necessary to the jurisdiction of a court are: First, the court must have jurisdiction of the person; second, of the subject matter, and third, to enter the particular judgment rendered. The County Court not having acquired jurisdiction over the person of appellant, he not having been arrested, the Corporation Court was not precluded from obtaining such jurisdiction, and finally adjudicating the case. See Emory v. State, 123 S. W. 133, and Pippcock v. State, 163 S. W. 971.

Appeal from the County Court of Lynn County.   Tried below before the Hon. C. H. Cain, Judge.

Appeal from a conviction for unlawfully playing cards, penalty a fine of $15.00.

The opinion states the case.

*Lockhart & Gerrard* of Lubbock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE. — The offense is unlawfully playing cards, the punishment a fine of fifteen dollars.

The agreed facts are as follows: On November 3, 1926, the city marshal of Tahoka and a deputy sheriff of Lynn County

discovered appellant and others engaged in a game of cards in Doak's Barber Shop, in the town of Tahoka. It was agreed between the officers that they would charge appellant and his companions in the Corporation Court of Tahoka with the offense of unlawfully playing cards. They were advised to appear in the Corporation Court on the following morning. On the morning of November 4 appellant appeared in the Corporation court and entered a plea of guilty, paying a fine of one dollar and costs. His name was entered on the docket as John Doe. No complaint was filed. On November 17, 1926, a complaint and information were filed in the County Court of Lynn County charging appellant with unlawfully playing cards. Capias was served on appellant on the first day of February, 1927. On the 19th day of November, 1926, after the filing of the complaint and information in the County Court, a complaint charging appellant with unlawfully playing cards within the corporate limits of the City of Tahoka was presented in the Corporation Court of Tahoka. On the same day a warrant of arrest was issued and appellant was brought before the city recorder for trial. The docket of the Corporation Court shows that appellant entered a plea of guilty on November 19, and that a fine of one dollar was assessed against him, both fine and costs being paid. Appellant knew at the time he appeared before the Corporation Court on November 19 that complaint and information were then pending in the County Court of Lynn County and that said complaint and information had been filed prior to November 19. The offense for which appellant was convicted in the Corporation Court was the identical offense for which he was convicted in the County Court. The Corporation Court had jurisdiction of the offense.

When his case was called for trial in the County Court, appellant filed a plea of former conviction, which appears to have been legally sufficient in form. The state excepted to the plea and asserted that appellant was attempting to defraud the County Court of Lynn County of its jurisdiction. The court sustained the exception.

Art. 867, C. C. P., provides that proceedings in a Corporation Court shall be commenced by written complaint. A written complaint was necessary to confer jurisdiction on the recorder. No written complaint having been filed at the time the first, plea of guilty was entered the judgment attempted to be entered on said plea was void. Harris County v. Stewart, 41 S. W. 650. Hence the plea of guilty entered in the first instance could not support a plea of former conviction.

The Corporation Court of Tahoka and the County Court of Lynn County had concurrent jurisdiction of the offense in question. When two or more courts have concurrent jurisdiction of an offense, the court in which the information or complaint is first filed shall retain jurisdiction to the exclusion of all other courts. Art. 64, C. C. P. The facts necessary to the jurisdiction of a court are: First, the court must have jurisdiction of the person; second, of the subject matter; and third, to enter the particular judgment rendered. Emory v. State, 123 S. W. 133. The term "jurisdiction" as employed in Art. 64, C. C. P., includes the three essentials necessary to the jurisdiction of a court. It is contemplated by the statute in question that the court shall have obtained jurisdiction of the person of the accused. Judge Davidson discussed the question under consideration here in the case of Pippcock v. State, 163 S. W. 971. We quote his language, as follows:

"As we understand this statute, the court must first obtain jurisdiction of the case. Had the County Court obtained jurisdiction of the person, the question might have presented serious trouble; but there is nothing in the record to show he had ever been arrested in the County Court, or that that court had in any way obtained jurisdiction of appellant's person."

It is undisputed that appellant was not arrested on the charge in the County Court until after he had been convicted in the Corporation Court. Hence, the County Court had not obtained jurisdiction of appellant's person. Giving effect here to the principle announced in Pippcock v. State, supra, we hold that under the facts reflected by the record, Art. 64, supra, was no obstacle to the exercise of the jurisdiction of the Corporation Court. The Corporation Court was, therefore, authorized to enter judgment upon the complaint of November 19. Of course, if appellant had engineered the making of the complaint in the Corporation Court for the express purpose of defeating the prosecution in the County Court, a different question would be presented. However, we find no facts warranting the conclusion that such was the case. The judgment entered in the Corporation Court on November 19 being valid was sufficient to support a plea of former conviction. It follows that the court erred in striking out appellant's plea. It is unnecessary to determine whether the Corporation Court would have been authorized to enter judgment against appellant in the event

the County Court had at the time obtained jurisdiction of his person.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.