J. C. KINLEY, Ind. & d/b/a J. C. Kinley Company, Appellant,

v.

LUCCOUS SERVICE & EQUIPMENT COMPANY et al., Appellees.

No. 5791.

Court of Civil Appeals of Texas.

El Paso.

March 15, 1967 and April 26, 1967.

Rehearings Denied July 26, 1967.

Stubbeman, McRae, Sealy & Laughlin, W. B. Browder, Jr., Midland, for appellant.

Max E. Ramsey, Kenneth Tekell, Andrews, Lynch, Chappell & Allday, Vann Culp, Bruce Bangert, Midland, for appellees.

OPINION

CLAYTON, Justice.

One M. M. Kinley was the inventor and holder of patents on and application for patents on certain oil-field tools and equipment. Among these was an instrument known as "sand-line cutters" or "wire line cutters" or "wire line shooting tools", which will be referred to herein as sand-line cutters, covered by U. S. Patent 2,185,303, issued on January 2, 1940. Other patents were applied for by Kinley under Application Serial Number 425,536 under

date of April 26, 1954, which involved an improvement to Patent 2,185,303, but patent for this improvement was not granted until June 4, 1957 under the number of 2,794,619.

Meanwhile, on January 12, 1956 an agreement was entered into between M. M. Kinley and the Luccous Service & Equipment Company whereby Kinley licensed the Luccous Company to use the tools in Patent No. 2,185,303 and those under Patent Application Serial No. 425,536, but the license did not give the licensee the right to manufacture or sell, or have manufactured or sold the devices or parts thereof covered by the license. The agreement provided: "The terms of this agreement shall continue until the expiration of the last of said patents No. 2,-185,303 or U. S. Patents which may issue under the aforesaid application, Serial No. 425,536 and any patent applications, or patents, on improvements on said patents", but it was further agreed that the agreement might be canceled upon written notice by either party to the other. There were provisions covering reports, accounting, payment of royalties, return of tools upon cancellation or termination of agreement, etc.

A similar agreement, bearing the same date, covered perforating tools and equipment under other numbered Letters Patent.

The patent on sand-line cutters, No. 2,185,303, expired by operation of law on January 2, 1957.

On January 1, 1960 a transfer was made by the M. M. Kinley Company of some of its assets, including the sand-line cutters and the above agreements, to J. C. Kinley. On April 27, 1961 the Luccous Service & Equipment Company was sold to one J. D. Whiteside.

On November 28, 1961 plaintiff filed his original petition, and on June 22, 1962, his first amended original petition, asking for a temporary restraining order to prevent the Luccous Service & Equipment Company, Luccous, Sr., Luccous, Jr. and Whiteside

from destroying, secreting, etc., the books and records relative to the operation of the tools and equipment under the agreements with Kinley; that said restraining order become a temporary injunction and finally a permanent injunction; and also restraining and enjoining defendants from in any manner using tools secured from plaintiff or any tools or equipment made in accordance with tools and equipment secured from plaintiff; for an accounting and judgment in at least the sum of $22,500.00, which plaintiff claims should have been paid to him from the charges collected by defendants for the operation of said tools and equipment.

Meanwhile, on February 21, 1962 Whiteside terminated the agreements of Luccous Service & Equipment Company by written notice to Kinley, as provided in the agreements.

On July 20, 1962, after hearing on temporary injunction, the trial court ordered the writ to issue pending final hearing and determination of the cause, restraining Luccous Sr. and Jr. from using, renting or leasing any sand-line cutter tools either secured from the Kinley Co. or copied and made substantially in accordance with such tools. An appeal was taken from this order, and the Court of Civil Appeals affirmed the trial court, 368 S.W.2d 827, on May 22, 1963. Writ of error was granted and the Supreme Court on March 4, 1964 reversed the Court of Civil Appeals and the trial court, and dissolved the temporary injunction, Luccous v. J. C. Kinley Company, Tex., 376 S.W.2d 336. In its opinion, the Supreme Court held that in the case before it, the defendants, as to the alleged "copied" tools, had not obtained any "marketing advantages" from having prematurely gained information about the sand-line cutters, since defendants received knowledge of the tools some sixteen years after they were patented (in 1940), and used that knowledge after the patent expired (in 1957). As to the alleged "secured" tools, secured from plaintiff under the terms of the licensing agreement,

the court held that the plaintiff had failed in his burden of proof to show that Luccous, Jr., was renting, leasing or using tools "secured" from plaintiff, and as to Luccous, Sr., plaintiff himself testified that he had no personal knowledge of any sand-line cutters owned by him which were still in defendants' possession, while Whiteside testified, as introduced by plaintiff, that he had acquired all of the plaintiff's tools from defendant and returned them to plaintiff. The court then concluded:

"* * * The only issue necessary for decision by this court is whether or not the lower courts have erroneously enjoined defendants from using sand-line cutters allegedly 'copied' or 'secured' from plaintiff and from personally manufacturing such tools now and in the future. It is undisputed by the testimony of the plaintiff himself that the license agreement has been terminated by written agreement since February 21, 1962. This being so, it has no relevancy as to the propriety of the injunction. If defendants have breached the terms of the agreement, plaintiff's remedy is damages, and not injunction.

"An applicant for a temporary injunction seeks extraordinary equitable relief in that he seeks to immobilize a person from a course of conduct which that person may have a legal right to pursue. See Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517. In the present case, the trial court and Court of Civil Appeals have enjoined defendants on the basis of the well-settled rule that injunctive relief may be employed when one breaches his confidential relationship in order to unfairly use a trade secret. As heretofore noted, the above rule is not presently applicable."

While this appeal was pending, on March 11, 1963, the Luccous' and Luccous Service & Equipment Co. filed their motion for summary judgment. The plaintiff did not amend his pleadings or file any new affidavits or deposition in connection therewith, but did file his answer to the motion on May 24, 1965. On the same day, the hearing on said motion was held by the court. At such hearing, plaintiff requested leave of the court to put in evidence the various instruments referred to in his pleadings. Defendants objected on the grounds that a summary judgment should be determined by the court solely on matters before the court at the time of the commencement of the hearing thereon. This objection was overruled and various instruments were introduced by plaintiff, together with the Statement of Facts taken on the motion for temporary injunction. Leave of the court was then asked to question plaintiff J. C. Kinley regarding Patents 2,185,303 and 2,794,619, and leave was granted, again over defendants' objection. On the same day, judgment was entered by the court granting the summary judgment to the defendants and severing Kinley's claims against defendant J. D. Whiteside, as constituting a separate cause of action.

In Richards v. Allen, 402 S.W.2d 158 (Tex.Sup.1966), it was held that:

"* * * If at the hearing on motion for summary judgment, a party with permission of the court should desire to supplement his deposition or affidavit proof, such supplementary material should be supplied in the form of a deposition or affidavit and not by the examination of witnesses in open court."

Accordingly, we here hold that the court erred in allowing examination of a witness or witnesses in the summary judgment proceeding herein, but plaintiff brought on this error and accordingly cannot profit from such error. However, we do hold that questions of fact arose from the pleadings and answer to the motion for summary judgment, aside from any evidence that might have been wrongfully adduced at the hearing, which questions of fact would prevent the granting of a summary judgment and which matters

could be resolved at a trial on the merits from an accounting and the possible proof of the supply and copying of the tools under Application Serial No. 425,536 and the subsequent Patent No. 2,794,619, which is a separate and distinct patent to the Patent No. 2,185,303 that expired; and such further proceedings might show a breach of the terms of the agreement and consequent damages under the Supreme Court's decision in the injunction matter, prior to the termination of the agreement on February 21, 1962.

Although reluctant to send this matter back for further proceeding, we feel compelled to give plaintiff that relief from the summary judgment, and accordingly reverse the judgment of the trial court and remand the cause for trial on the question of damages for breach of agreement.

Reversed and remanded.

### OPINION
### ON MOTIONS FOR REHEARING

Opinion on Motions for Rehearing by John C. Luccous, Sr. and John C. Luccous, Jr., and by Luccous Service & Equipment Co.

These motions for rehearing are overruled. In the opinion of this court rendered on the 15th day of March, 1967, this court said:

"However, we do hold that questions of fact arose from the pleadings and answer to the motion for summary judgment, aside from any evidence that might have been wrongfully adduced at the hearing, which questions of fact would prevent the granting of a summary judgment and which matters could be resolved at a trial on the merits from an accounting and the possible proof of the supply and copying of the tools under Application serial No. 425,536 and the subsequent Patent No. 2,794,619, which is a separate and distinct patent to the Patent No. 2,185,303 that expired; and such further proceedings might show a breach of the terms of the agreement and consequent damages

under the Supreme Court's decision [Luccous v. J. C. Kinley Company, 376 S.W.2d 336] in the injunction matter, prior to the termination of the agreements on February 21, 1962."

We remanded the cause for trial on the question of damages for breach of agreement.

All matters relative to injunctive relief alluded to in this motion for rehearing are conclusively settled by the Supreme Court decision, supra, referred to by this court in its opinion, and need no further comment.

The agreement of January 20, 1956, was between M. M. Kinley, predecessor to appellant in ownership of the patents involved, and John C. Luccous, Sr. and John C. Luccous, Jr., as well as Luccous Service & Equipment Company. The appellant's Answer to Motion for Summary Judgment refers to these agreements and asks for an accounting under them. We believe this matter cannot be resolved by summary judgment, and so hold. We therefore overrule these motions for rehearing.