**Larry John FOSTER, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 14788.

Court of Civil Appeals of Texas.

San Antonio.

May 28, 1969.

Rehearing Denied July 2, 1969.

Gilbert G. Gonzalez, San Antonio, for appellant.

Irving Barenblat, San Antonio, for appellee.

BARROW, Justice.

This is an appeal from a summary judgment granted appellee in appellant's suit under Art. 6678b, § 22, Vernon's Ann.Civ. St., to set aside the action of the Corporation Court of San Antonio in suspending appellant's commercial operator's license for a period of one month. Said suspension was based on an affirmative finding by the Corporation Court that appellant was a habitual violater of the traffic laws in that he had been convicted of four moving traffic violations within a twelve-month period.

Appellant asserts on this appeal that one of said convictions is void in that the complaint was not filed until after the conviction, and that the trial court erred in re-

fusing to go behind the judgment of conviction.

The summary judgment recites that it was granted upon the "pleadings and affidavits." Appellee's motion for summary judgment was supported by the affidavit of the Deputy Custodian of Driver Records of the Driver and Vehicle Records Division, Texas Department of Public Safety, to the effect that appellant's operating record shows conviction for the following moving violations of the traffic laws of the State of Texas or its political subdivisions.

| | | |
|---|---|---|
| 05–06–67 | Speeding, | Concho County, Texas |
| 09–01–67 | Failing to stop for stop sign, | Alamo Heights, Texas |
| 10–18–67 | Speeding, | San Antonio, Texas |
| 04–11–68 | Speeding, | Austin County, Texas |

Attached to said affidavit were four certified copies of "Notices of Convictions" supporting the above enumerated convictions. In opposition to the motion was an affidavit of appellant's attorney wherein he averred that the Concho County conviction on May 6, *1967*, was void because a certified copy of the complaint shows on its face that such complaint was not executed before a Notary Public until May 6, *1968*. He further swore that he had written the Justice of the Peace, Precinct No. 1 of Austin County on October 31, 1968, and again on November 22, 1968, requesting a certified copy of the complaint, citation and judgment. As of December 4, 1968, no reply had been received, and therefore affiant prayed that the hearing be postponed until he had secured certified copies of the court papers from Austin County and examined same. Judment was granted on December 6, 1968, authorizing appellee to suspend appellant's commercial operator's license for a period of one month.

■ The affidavit of the Deputy Custodian, together with the properly authenticated copies of the "Notice of Conviction," established a prima facie case that appellant was a habitual violator of traffic laws. Texas Department of Public Safety v. Casselman, 417 S.W.2d 146 (Tex.Sup. 1967); Texas Department of Public Safety v. Richardson, 384 S.W.2d 128 (Tex.Sup. 1964). In *Casselman,* it was said that the prima facie presumption of conviction made by the "Notice of Conviction" could not be collaterally attacked. Accordingly, the Supreme Court held that an affidavit by Casselman that he had not personally appeared when a judgment of conviction was rendered against him did not destroy the prima facie case established by the notice of conviction.

■ Appellant urges that the Concho County conviction is void because entered before a complaint was filed and therefore may be collaterally attacked. See Bass v. State, 427 S.W.2d 624 (Tex.Cr.App. 1968); Bragg v. State, 109 Tex.Cr.R. 632, 6 S.W. 2d 365 (1928); Art. 45.16, Vernon's Ann. C.C.P. However, there is no competent evidence in the record to this effect. Clearly, the affidavit of appellant's attorney as to the contents of the certified copy sent him is hearsay as to such contents, and the certified copy was not attached to the affidavit. See Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.Sup. 1963); Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274 (1961). The transcript contains an instrument filed on January 20, 1969, entitled "Agreed Statement of the Case," which is signed by the attorneys for both appellant and appellee. This statement provides in part that a certified copy of the complaint in question was "properly introduced into evidence at the trial and is attached to the papers in this case, and marked 'Respondent's Exhibit A'." Attached to the agreed statement is a photostat copy of a certified copy of said complaint which reflects that it was sworn to and sub-

scribed on May 6, 1968, and filed in this cause on January 20, 1969.

There is no recitation in the judgment that any evidence was heard. Nor is there any authorization for hearing evidence under our summary judgment practice. Richards v. Allen, 402 S.W.2d 158 (Tex.Sup. 1966). In Richards the judgment recited that evidence was heard and, in affirming said judgment, the Court of Civil Appeals considered the effect of such evidence. The Supreme Court reversed and held that "the summary judgment proceeding is not a conventional trial but rather an exception to the usual and traditional form of procedure wherein witnesses are heard in open court and documentary evidence is offered and received in evidence." See also Austin Building Co. v. National Union Fire Ins. Co., 432 S.W.2d 697 (Tex. Sup. 1968). There is nothing in the record before us to destroy the prima facie case made by appellee's affidavit and exhibit.

Appellant also urges that the trial court erred in granting the motion, in that he had never been furnished a copy of the Austin County records although his controverting affidavit alleged a reasonable effort to acquire same. Rule 166-A(f), T.R.C.P., provides: "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." An application for additional time, being a motion for continuance is addressed to the discretion of the trial court, and this ruling will not be disturbed upon appeal unless abuse of discretion is shown. Green v. Smart, 333 S.W.2d 880 (Tex.Civ.App.—Dallas 1960, no writ); Chandler v. Brown, 301 S.W.2d 720 (Tex. Civ.App.—El Paso 1957, writ ref'd n.r.e.); McDonald, Texas Civil Practice, Cumulative Supp., § 17.26.3 p. 57.

In this case there is no motion for continuance or postponement in the record and, in fact, the judgment recites that both parties announced ready for trial. In any event no abuse of discretion is shown. The suit was filed by appellant on September 25, 1968, and the motion heard on December 6, 1968, without any discovery proceeding by appellant. More important, however, there is no showing that appellant knows of any defect in the Austin County proceeding or even has probable cause to suspect same.

No error has been shown in the summary judgment granted appellee, and the judgment is affirmed.