Mrs. R. F. WINSTON, Appellant,

v.

W. O. FRAZIER dba Frazier Construction Company, Appellee.

No. 765.

Court of Civil Appeals of Texas, Corpus Christi.

April 12, 1973.

Sheinfeld, Maley & Kay, Frank R. Monroe, Houston, for appellant.

Wadler & Lipscombe, Larry E. Wadler, Wharton, for appellee.

## OPINION

NYE, Chief Justice.

This is a suit on a sworn account brought by the plaintiff W. O. Frazier, d/b/a Frazier Construction Company against the defendant Mrs. R. F. Winston. The plaintiff moved for summary judgment. The defendant answered the summary judgment and attached two sworn affidavits. Upon a hearing the trial judge granted the summary judgment of the plaintiff. The defendant appeals.

The defendant presents two points of error. First, she contends that oral testimony was taken during the hearing on the motion for summary judgment and second, that her affidavits attached to her answer

are sufficient as a matter of law to raise a genuine issue as to a material fact which precludes the rendition of a summary judgment against her.

Rule 166–A states that a summary judgment shall be rendered if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Womack v. Allstate Insurance Co., 156 Tex. 467, 296 S.W.2d 233 (1957); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952).

■■■ The judgment recites that: ". . . and the Judge adduced evidence from the parties . . . not only on the Motion for Summary Judgment, but also upon the merits of the case, and after hearing the evidence given by the parties and reviewing the file, entered . . . Judgment for the plaintiff." Although the record is not clear whether the case was heard on its merits or upon the summary judgment, a trial court cannot consider testimony of witnesses at a hearing on the motion for summary judgment. The Supreme Court in Richards v. Allen, 402 S.W.2d 158 (Tex. Sup.1966), stated:

". . . If at the hearing on motion for summary judgment, a party with permission of the court should desire to supplement his deposition or affidavit proof, such supplementary material should be supplied in the form of a deposition or affidavit *and not by the examination of witnesses in open court.* . . ." (Emphasis supplied.)

Since the appellee did not file a brief and did not appear for oral argument at the submission of this cause, we must assume that appellant's statement that oral testimony was taken at the hearing on the summary judgment is correct. Rule 419, Texas Rules of Civil Procedure. In such cases oral evidence is clearly inadmissible. Rule 166–A; Richards v. Allen, supra; Seldon v. S & S Aggregates Co., 410 S.W.2d 231 (Tex.Civ. App.—Eastland 1966, n. r. e.); Kinley v. Luccous Service & Equipment Co., 417 S.W.2d 622 (Tex.Civ.App.—El Paso 1967,

n. w. h.); Foster v. Texas Department of Public Safety, 443 S.W.2d 66 (Tex.Civ.App. —San Antonio 1969, n. w. h.). See also Pattison v. Highway Insurance Underwriters, 292 S.W.2d 694 (Tex.Civ.App.— Galveston 1956, n. r. e.).

■■■ Even if the oral evidence was wrongfully admitted, the record must demonstrate harmful error in order to be reversible on this point. Rule 434, T.R.C.P. If the moving party is entitled to a summary judgment under Rule 166–A by considering the pleadings, the depositions, the answers to interrogatories, and any affidavits, the mere taking of oral testimony, although clearly error, may only be harmless error since the movant might be entitled to his judgment anyway as a matter of law.

The judgment recites that ". . . came on to be heard the above entitled and numbered cause and came the Plaintiff by and through his attorney, and came the Defendant, representing herself, having filed her own answer, and on Plaintiff's Motion for Summary Judgment filed herein a hearing was had before the Honorable Judge. . . . ."

Appellant's brief clearly recites that this appeal is from a hearing on a summary judgment. Rule 419, T.R.C.P., states that any statement made by appellant in his original brief as to the facts *or the record* may be accepted by the court as correct unless challenged by opposing party. See Crawford v. Modos, 465 S.W.2d 220 (Tex. Civ.App.—Beaumont 1971, dism'd) and authorities cited therein.

Assuming, as we must, from appellant's brief and from recitations in the judgment that the hearing was on the summary judgment reversible error is presented because of the genuine issue of a material fact raised by defendant's affidavits.

■■■ Subsection (e) to Rule 166–A prescribes the form of affidavits as requiring that they be made on personal knowledge, setting forth such facts as would be admissible in evidence, and affirmatively showing

that the affiant is competent to testify to the matters therein stated. Gutierrez v. Hachar's Department Store, 484 S.W.2d 433 (Tex.Civ.App.—San Antonio 1972, n. r. e.). The two affidavits presented by the appellant meet these requirements. The pleadings of the plaintiff alleged that the plaintiff provided the defendant with certain materials and services and is owed a certain sum for such items. The defendant's affidavits stated that she did not authorize the plaintiff to perform any work for her, nor did she request any of the materials that are set forth in the sworn account. This raised a genuine issue of a material fact sufficient to preclude a summary judgment.

For the reasons here stated, the cause is reversed and the case remanded to the trial court for a hearing on the merits.

Reversed and remanded.