**Ruby Poe NASH, Independent Executrix of the Estate of George Frederick Dodgen, Jr., Deceased, Appellant,**

v.

**CORPUS CHRISTI NATIONAL BANK, Independent Executor of the Estate of Jeannette Jones, Deceased, and Nancy Rhea, Appellees.**

No. 05–84–00723–CV.

Court of Appeals of Texas, Dallas.

April 23, 1985.

Rehearing Denied May 28, 1985.

Ford R. Hale, III, J.G. Lindley, Lindley & Lindley, Dallas, for appellant.

Richard L. Leshin, James F. Buchanan, Kleberg, Dyer, Redford & Weil, Dallas, for appellees.

Before SPARLING, WHITHAM and DE-VANY, JJ.

WHITHAM, Justice.

Appellant, Ruby Poe Nash, independent executrix of the estate of George Frederick Dodgen, Jr., deceased, appeals from a declaratory summary judgment construing Dodgen's will. Appellees, Corpus Christi National Bank, independent executor of the estate of Jeannette Jones, deceased, and Nancy Rhea are Dodgen's heirs pursuant to TEX.PROB.CODE ANN. § 38 (Vernon 1980). Both Nash and the heirs sought summary judgment. The principal issue is the interpretation of the word "simultaneous" as used in Dodgen's will. We disagree with the interpretation placed on the word by Nash. Accordingly, we affirm.

The controversy centers on the word "simultaneous" as used in the fourth paragraph of Dodgen's will:

FOURTH: In case of simultaneous death of my wife and me, then in that event and after the payment of just debts as is herein above provided, I will give and bequeath unto my mother-in-law, RUBY POE NASH, and my father-in-law, NELSON EDWARD NASH, all property of every kind and character that I may own and be interested in at the time of my death in fee simple to own, manage, or dispose of in any way or manner that they may desire.

Dodgen's wife, Ruby Edward Nash Dodgen, died December 22, 1981, from a thalamic stroke. Dodgen died ten days later on January 1, 1982. Dodgen's death was caused by multiple myeloma. Dodgen's father-in-law, Nelson Edward Nash, died January 24, 1969. Dodgen's mother-in-law, Ruby Poe Nash, contends that the word "simultaneous" as used in the fourth paragraph of Dodgen's will means *"existing* at the same time rather than *occurring* at the same time." Based on such definition, Nash argues that Dodgen's death was simultaneous to the death of his wife as the wife's death existed on the date of Dodgen's death. Nash reasons that since both deaths were thereby "simultaneous," Dodgen's estate must vest in her. Dodgen's heirs contend that his estate passes by intestacy to them. The heirs argue that Dodgen's death and his wife's death were not simultaneous as they did not *occur* at the same time and that, therefore, the requirement of the fourth paragraph of the will is not satisfied and Dodgen's estate must pass to his heirs.

Texas courts have at least twice determined the meaning of "simultaneous" and its derivatives by reviewing the time of the occurrence of the event. The Supreme Court in *White v. Taylor*, 155 Tex. 392, 286 S.W.2d 925 (Tex.1956), held that deaths occurring seventy-one (71) minutes apart were not simultaneous. In *Lindsey v. Gamble*, 359 S.W.2d 520 (Tex.Civ.App.— Amarillo 1962, writ ref'd n.r.e.), the court held that deaths that took place seventy-two (72) days apart were not simultaneous. Both courts looked to the *occurrence* of the death rather than the *existence* of the deaths in order to determine whether the deaths were simultaneous. Furthermore, TEX.PROB.CODE ANN. § 47 (Vernon 1980) defines a simultaneous death in the

event that no provision for such is made in a will. Section forty-seven provides that the occurrence of a death within one hundred twenty (120) hours is a simultaneous death. Even though this statute is not applicable in the present case, we conclude that the provisions of the statute emphasize the *occurrence* of the death within a certain period of time.

■ It follows, and we so hold, that the word "simultaneous" as used in the will does not mean deaths "existing at the same time." We hold further, therefore, that the deaths of Dodgen and his wife were not "simultaneous" as that word is used in the fourth paragraph of Dodgen's will. Consequently, we conclude that the trial court correctly decided that the deaths of Dodgen and his wife were not simultaneous. We overrule Nash's first point. Accordingly, we hold that deceased's estate does not vest in Nash, but instead passed by intestacy to his heirs. Therefore, we conclude that the trial court correctly decided that the assets comprising Dodgen's estate passed by intestacy to the heirs. We overrule Nash's second point.

■ In her third point, Nash contends that the trial court erred in preventing her from introducing evidence which would show or explain Dodgen's intentions or meaning as to the fourth paragraph of his will. Nash does not tell us how or in what manner the trial court prevented her from introducing this evidence. Moreover, Nash fails, through bill of exception or otherwise, to apprise us of the nature of the alleged excluded evidence. Also, we note that Nash does not argue that the trial court was permitted to receive testimony on hearing on motion for summary judgment. Indeed, that argument, if made, must fail. A trial court cannot consider testimony of witnesses at a hearing on the motion for summary judgment. *Winston v. Frazier*, 493 S.W.2d 600, 601 (Tex.Civ. App.—Corpus Christi 1973, no writ); TEX. R.CIV.P. 166–A(c). Furthermore, we observe that Nash failed to reply to, or in any way challenge, the heirs' motion for summary judgment. Thus, Nash did not contend in the trial court that a material fact issue, *i.e.*, Dodgen's intentions, existed. Instead, Nash filed her motion for summary judgment stating:

Plaintiff would show the following facts bearing on the construction of said Will, which exist without substantial dispute:

1. The Will, dated February 18, 1956, was duly admitted to probate by Probate Court No. 3 in and for Dallas County by Order dated February 8, 1982.

2. When George Frederick Dodgen, Jr. died January 1, 1982, he and his wife, Ruby Edward Nash Dodgen, *were both at that instant concurrently dead.*

3. Nelson Edward Nash, Testator's father-in-law died January 24, 1969.

Plaintiff respectfully urges that *given the facts as above set out, the only proper or indeed possible construction* of Testator's Will is that she is the only beneficiary and/or heir named in George Frederick Dodgen, Jr.'s Will living at the time of his death; therefore, under the terms of his Will she is entitled to receive the distribution of all of his net estate upon completion of proper probate proceedings. (emphasis added).

The non-movant may not urge on appeal as reason for reversal of the summary judgment any and every new ground that he can think of, nor can he resurrect grounds that he abandoned at the hearing. With the exception of an attack on the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment, the non-movant must expressly present to the trial court any reasons seeking to avoid movant's entitlement and he must present summary judgment proof when necessary to establish a fact issue. No longer must the movant negate all possible issues of law and fact that could be raised by the non-movant in the trial court but were not. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–79 (Tex.1979).

■ We conclude, therefore, that Nash joined the heirs in presenting the issue to the trial court as a question of law, not fact. Consequently, we conclude further

that the trial court correctly precluded Nash from introducing evidence which would show or explain Dodgen's intentions or meaning as to the fourth paragraph of his will. We overrule Nash's third point.

Affirmed.