Robert THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–87–104–CR.

Court of Appeals of Texas,
Texarkana.

May 10, 1988.

David Carter, Texarkana, Ark., for appellant.

John F. Miller, Jr., Dist. Atty., Texarkana, for appellee.

GRANT, Justice.

Robert Thomas appealed the trial court's denial of relief on his pretrial petition for writ of habeas corpus, in which he sought to set aside an indictment for the offense of aggravated assault on the ground of prior jeopardy.

Thomas contends that his previous conviction in a justice of the peace court of the lesser included offense of assault by contact, arising from the same transaction that is the basis of the felony indictment, constitutes prior jeopardy. The State contends that the proceedings in the justice of the peace court were void for want of jurisdiction, because no complaint arising from the same transaction was filed in the justice of the peace court at the time of the proceedings, and that the proceedings in the justice of the peace court involved a different transaction.

Thomas was arrested on May 2, 1987, for the commission of assaultive offensives against Wilda Faye Hill and against Eddie Mayberry. On May 12, 1987, an assistant district attorney sent a copy of the first page of the offense reports on both charges and an information form, with none of the blanks filled in, to Justice of the Peace John Hawkins. A cover letter accompanied this material plus additional material related to two other defendants. The letter stated that the above entitled

offenses have been reduced to justice of the peace court. The "above entitled offenses" set forth were: "Robert Lynn Thomas, Assault by Contact"; "Travis Lampkin, Disorderly Conduct"; and "James Lee Livesy, Disorderly Conduct."

On May 18, 1987, a complaint charging Thomas with causing bodily injury to Eddie Mayberry by stabbing him with a knife (aggravated assault) was signed and sworn to by Mayberry before Bowie County Justice of the Peace Ben Grigson. On May 22, 1987, Thomas, who had been held in jail since his arrest on May 2, 1987, was taken before Justice of the Peace Hawkins where he pleaded guilty to an offense or offenses of assault by contact and was sentenced to the time he had already served in jail[1]. On June 30, 1987, a Bowie County Grand Jury returned an indictment against Thomas charging him with assault with bodily injury.[2]

As stated in Tex.Code Crim.Proc. Ann. art. 28.13 (Vernon 1966), a former judgment of acquittal or conviction in a court of competent jurisdiction bars any further prosecution for the same offense. This principle applies even if the prior prosecution was for a lesser included offense. *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970); *Benard v. State*, 481 S.W.2d 427 (Tex.Crim.App. 1972).[3]

---

1. Assault by contact is a Class C misdemeanor and is punishable by a fine only. Tex.Penal Code Ann. § 12.33 (Vernon 1974); Tex.Penal Code Ann. § 22.01(a)(3) (Vernon Supp.1988). Therefore, the sentence to "time already served" was unauthorized. In a trial where a defendant pleads guilty to the court and has his punishment assessed by the court, punishment outside the statutory range does not render the entire judgment void. Rather, it invalidates the sentence. *Rivera v. State*, 716 S.W.2d 68, 72 (Tex. App.–Dallas, 1986, pet. ref'd), *citing Ramirez v. State*, 587 S.W.2d 144 (Tex.Crim.App.1979).

2. The sworn complaint filed by Mayberry on May 18, 1987, and the subsequent indictment of Thomas for aggravated assault based on that complaint are material because the defense counsel argued to the trial judge that so long as the first conviction in the lower court was made on any charging instrument, whether by complaint, information or indictment, re-prosecution of the higher grade of the offense is barred.

He added that it was uncontroverted that a *complaint* was filed on May 15 charging Thomas with aggravated assault. His reliance on that complaint as a charging instrument in the justice of the peace court is misplaced. Although the complaint was actually filed on May 18, it could not have been related to a charge referred to in the letter of May 12 from the assistant district attorney to the justice of the peace, since it did not then exist. This is the only complaint or charging instrument referred to by the defense, and it charges the offense of aggravated assault, an offense not within the jurisdiction of a justice of the peace court.

3. In *Benard*, the court held that a conviction *in a court of competent jurisdiction* is a bar to a further prosecution for the same offense, regardless of whether the first prosecution was had upon complaint, information or indictment. The court also held that a void proceeding could not serve as a bar to the subsequent proceeding and could have no effect in support of a plea of

■ Double jeopardy is an affirmative defense, and the appellant has the burden to produce evidence supporting the jeopardy claim. *Anderson v. State,* 635 S.W.2d 722 (Tex.Crim.App.1982); *Wockenfuss v. State,* 521 S.W.2d 630 (Tex.Crim.App.1975); *Ward v. State,* 520 S.W.2d 395 (Tex.Crim. App.1975). A plea of former jeopardy constitutes nothing more than a pleading and does not establish the truth of the issues of fact alleged therein. *Zimmerman v. State,* 750 S.W.2d 194 (Tex.Crim.App.1988).

■ In order to invest a court with jurisdiction over a criminal case, a charging instrument must be filed with that court. *Whitehead v. State,* 710 S.W.2d 645, 653 (Tex.App.–Beaumont 1986), *rev'd on other grounds,* 745 S.W.2d 374 (1988). *See, McAfee v. State,* 363 S.W.2d 941 (Tex.Crim. App.1963); Tex. Const. art. V, § 12(b). In a justice of the peace court, the charging instrument is a written complaint signed and sworn to by the complainant.[4] Tex. Code Crim.Proc.Ann. art. 45.16 (Vernon 1979). A judgment on a plea of guilty entered without the filing of a written complaint is void. *Ex parte Cannon,* 546 S.W. 2d 266, 270 (Tex.Crim.App.1976); *Bragg v. State,* 109 Tex.Crim. 632, 6 S.W.2d 365 (1928). It is generally recognized that a void proceeding has no effect in support of a plea of formal conviction or acquittal. *Ball v. United States,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); *Benard v. State, supra; Barnes v. State,* 79 Tex. Crim. 395, 185 S.W. 2 (1916); *Rivera v. State,* 716 S.W.2d 68 (Tex.App.–Dallas 1986).

Texas Rules of Appellate Procedure 80(d) provides in pertinent part:

Presumptions in Criminal Cases. The court of appeals shall presume that [the defendant] ... pleaded to the ... charging instrument ... unless such matters were made an issue in the court below, or it otherwise affirmatively appears to the contrary from the record.

In the present case, it appears that both exceptions to the presumption apply. The issue in the district court was whether Thomas pled to two offenses in the justice of the peace court or only to the offense involving Wilda Faye Hill, a totally separate matter from the allegations involving Eddie Mayberry. The trial judge framed the issue before the district court when he addressed counsel by saying, "You've got one conviction, and there are two original offenses, totally separate transactions, separate events, separate evidence. Now, can you tell me, or either one of you tell me, which one he was convicted on?"

Justice of the Peace Hawkins had written a letter indicating that both offenses had been reduced to assault by contact for handling by his court; however, at the hearing in district court, he testified that the letter was not based upon his own recollection and that he could not represent to the court that the letter was accurate. He testified that the docket sheet did not show whether one or both of the original charges were reduced and that the docket sheet indicated that it could be only one case, because his practice was to have a separate docket sheet for each charge. He further observed that although portions of two separate offense report extracts had been furnished to him, only the report on Wilda Faye Hill for assault with bodily injury had a notation in handwriting that the charge was being reduced to the justice

---

former conviction and that "[T]he mode used in commencing a criminal prosecution (i.e., whether upon complaint or information or indictment) does not affect the fact that it is State action." We conclude from this that *some* mode of charging instrument is necessary to commence a prosecution in a court. The defendant has failed to establish that a charging instrument of any kind existed to confer jurisdiction upon the justice of the peace court with regard to the aggravated assault charge which the appellant contends was referred to the justice of

the peace court for trial as an assault by contact offense. *Benard v. State,* 481 S.W.2d 427 (Tex. Crim.App.1972).

4. Block #2 on the offense report forms introduced as Defense Exhibits 7 and 8 is labeled *Complaint No.* We conclude that this is not evidence that a formal sworn complaint was prepared as a charging instrument for the described offense. Rather, it appears to be a control number used by the police department for processing the offense report.

of the peace court as an assault by contact. The offense report extract sheet on the aggravated assault offense involving Eddie Mayberry did not have a notation on it that the charge was being reduced.[5] Thus, there was evidence indicating that only one assaultive offense against Thomas was taken up by the justice of the peace court and that it was not the charge involving Eddie Mayberry as the alleged victim.

There were handwritten annotations by the assistant district attorney on the assault offense report involving Hill to the effect that the charge was to be reduced to justice of the peace court for trial as an assault by contact. No such annotation was made on the aggravated assault offense report involving Mayberry as the alleged victim.[6]

Deputy Sheriff Wallace Jones testified that Justice of the Peace Hawkins advised Thomas that he had been charged with aggravated assault with a deadly weapon and assault with bodily injury, and that "the charges have been reduced." However, the docket sheet reflects only one charge against Thomas being before the justice of the peace court, there is only one docket sheet in the record, and the singular word *charge* is used on that docket sheet. The weight to be given this conflicting evidence was for the judge of the district court.

■ The burden on Thomas was to show that he had previously been convicted or acquitted in a court *having competent jurisdiction* for the same or a lesser included offense arising from the same transaction as the aggravated assault offense for which he was indicted. The district judge was the finder of fact in the hearings on September 24 and November 5, 1987, on the question of former jeopardy, and it was his duty to determine if Thomas had met his burden of proof.[7] After hearing the testimony of all of the witnesses and viewing all of the documentary evidence, the judge made a determination that Thomas had not done so. We find that there is a basis in evidence for that decision.

The order of the district court is affirmed and the cause is remanded to that court.

BLEIL, Justice, dissenting.

Because the district attorney's office mishandled this prosecution, and because the justice court proceedings were not more precise, the majority nicely concludes that Thomas—while obviously having previously been placed in jeopardy—failed to meet his burden of proof. I dissent.

Ordinarily when disagreeing with the majority of the Court, I prefer to simply state that disagreement. However, because I disagree with the majority's characterization of the 1) State's position; 2) facts; and 3) law, I find it necessary to address each of those matters.

### State's Position

The majority far better articulates the State's position than does the State itself. At trial the State never once questioned the jurisdiction of the justice court over the offense of assault. On appeal the State did not appear for oral argument. This Court, in its opinion, precisely verbalizes the State's previously unstated contention.[1]

---

5. The ledgers referred to as docket books and introduced into evidence as Defense Exhibits 3 and 4 contained entries made by a deputy sheriff who processed the appellant after the justice of the peace court proceedings, as does the letter signed by a deputy sheriff from the Bowie County Sheriff's Department, which was admitted as Defense Exhibit 5. The conclusionary remarks on those documents made by a deputy sheriff as to the charges having been reduced to justice of the peace court were not binding on the district court.

6. Leon Pesek, Jr. testified that, as the assistant district attorney handling the case, he did not intend to nor did he reduce down the aggravated assault charge involving Mayberry for prosecution in the justice of the peace court.

7. Contrary to the assertion in the dissenting opinion, the State twice raised the issue of the justice of the peace court jurisdiction over the aggravated assault charge during the district court hearing on September 24, 1987, and again during the district court hearing on November 5, 1987.

1. So that I not misstate or mischaracterize that position, the State's entire argument, as set out in its brief, is as follows:

Applicant moves for dismissal under former jeopardy due to the fact that he plead (sic)

## Facts

The majority opinion points to such immaterial facts as the subsequent complaint and grand jury indictment of Thomas for the charges now pending against him. It further cites testimony of Leon Pesek, Jr. that he did not intend that the aggravated assault involving Mayberry be reduced for justice court prosecution. Of course that flies in the face of his action on behalf of the district attorney in reducing these charges. After Thomas was arrested for and charged with aggravated assault and assault with bodily injury, Pesek sent a letter to the justice of the peace, reducing the charges. Pesek's letter referring the cases to the justice of the peace court read simply, "The above entitled causes have been reduced to JP court. Each of these defendants is in jail." [2]

The majority also pays only passing attention to the documentary evidence bearing on what transpired in the justice court. Judge Hawkins' letter read:

> Enclosed please find a copy of the correspondence on the above entitled cause. Mr. Thomas was charged with Aggravated Assault and Assault with Bodily Injury. These charges were reduced to Assault by Contact, May 12, 1987.
>
> Mr. Thomas plead (sic) guility (sic) to the above charge. The defendant was released by Judge John C Hawkins, Jr., Justice of the Peace, Pct. 1, Place 1, Bowie County with time served.

guilty to assault by contact charges arising out of the same set of facts. The case laws and statues (sic) dealing with double jeopardy do not support the Applicant's position.

In looking at Art. 28.13, V.A.C.C.P., the following is set out:

A former judgment of acquittal or conviction in a court of competent jurisdiction shall be a bar to any further prosecution for the same offense, but shall not bar a prosecution for any higher grade of offense over which said court had not jurisdiction, unless such judgment was had upon indictment or information, in which case the prosecution shall be barred for all grades of the offense.

Art. 1.11, V.A.C.C.P. states that:

An acquittal of the defendant exempts him from a second trial or a second prosecution for the same offense, however irregular the proceedings may have been; but if the defendant shall have been acquitted upon trial in a court having no jurisdiction of the offense, he may be prosecuted again in a court having jurisdiction.

Since the charges in which this Court is now reviewing were handled in the Justice Court, a determination must be made as to that Court's jurisdiction. Art. 4.11, V.A.C.C.P., sets for the jurisdiction of justice courts as follows:

Justices of the peace shall have jurisdiction in criminal cases where the fine to be imposed by law may not exceed two hundred dollars.

In this case it is clear that the justice of the peace does not have jurisdiction over an aggravated assault case. Thus, for the justice of the peace to have had jurisdiction over the charges made subject of the appeal a complaint, information or indictment must have been filed with that court. Judge Hawkins testified that he did not receive an information or indictment giving him jurisdiction over the aggravated assault charge. (S.F. 34).

The Applicant makes reference to a complaint filed by Eddie Mayberry on May 18, 1987, for aggravated assault. It should be noted that the complaint was filed six days after the other cases were referred to the Justice Court. Also, the complaint was for aggravated assault, a felony, which subsequently leads to the issuance of a grand jury indictment.

In the Applicant's brief, *Bernard (sic) v. State*, 481 S.W.2d 427 (Tex.Cr.App.1972), is relied on as authority for his position. In that case charges were filed in municipal court and district court involving the same facts. The court subsequently found that double jeopardy did attach preventing prosecution of the subsequent charge in a court of superior jurisdiction. That situation does not exist here due to the fact there was no charging instrument filed in the Justice Court nor has there ever been an information or indictment filed with the Justice Court. Further, the complaint for aggravated assault signed by Eddie Mayberry against the Applicant was filed subsequent to the other charges being reduced to the Justice Court. So the complaint was not filed in Justice Court enabling that court to obtain jurisdiction over that case.

2. The majority raises the district attorney's subjective intent to new heights, saying that he testified that he "did not intend to ... reduce down the aggravated assault charge involving Mayberry...." (footnote 6, majority opinion). That is curious when the obvious purpose of Pesek's communicated actions and the justice court actions seems to have been to reduce the jail population by three. Had there been no intent to reduce both charges then Thomas would have remained confined, and there would have been no useful purpose in the action.

Further documentary evidence concerning what the trial court *may* have found in regard to what offense the justice court convicted Thomas is discussed later.

### Law

My primary disagreement in this case is on the law. The majority fails to follow, or even discuss, the first two cases it cites, *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), and *Benard v. State,* 481 S.W.2d 427 (Tex.Crim.App.1972).

Thomas was arrested for and charged with the offenses of aggravated assault and assault with bodily injury. These charges were reduced—mistakenly or not—to the justice court. Thomas pled guilty, was convicted and sentenced. Jeopardy attached.

In *Benard,* the Court of Criminal Appeals reviewed the operation of Tex.Code Crim.Proc.Ann. art. 28.13 (Vernon 1966) in light of the decision of the United States Supreme Court in *Waller v. Florida, supra.* In *Waller,* the Supreme Court overruled a Florida rule which held that a conviction in a municipal court could not bar a subsequent prosecution in a state court for the same offense, pointing out that the judicial powers of both the municipal and the state courts sprang from the same organic law. Applying *Waller,* the court in *Benard* held that a judgment of acquittal or conviction in a court of competent jurisdiction is a bar to a further prosecution for the same offense, regardless of whether the first prosecution was had upon a complaint, information or indictment, and regardless of whether the court in which the first prosecution was had was without jurisdiction to try the higher grade of the offense.

The court in *Benard* also addressed the manner in which the state initiated the first proceedings. It said that the mode of procedure used in commencing a criminal prosecution does not affect the fact that it is state action.

In *Benard* the court held that:

[T]he State, having authorized prosecutions in a particular manner, may not thereafter seek to avoid the effect of such prosecutions. We see no reason why the State could not limit prosecutions to those commenced with the knowledge and approval of a proper authority, but since the State has not done so, it is bound by the methods currently authorized.

The concluding paragraph continued:

We hold only that, in light of *Waller v. Florida,* supra, a judgment of acquittal or conviction in a court of competent jurisdiction is a bar to a further prosecution *for the same offense,* regardless of whether the first prosecution was had upon complaint, information or indictment, and regardless of whether the court in which the first prosecution was had was without jurisdiction to try the higher grade of the offense.

If there could be doubt as to what the court meant in *Benard* about what type of proceeding would be void so as not to support a plea of former jeopardy, we have further instruction. In *Ramirez v. State,* 587 S.W.2d 144 (Tex.Crim.App.1979), the court, referring to its holding in *Benard,* wrote that:

["A] void proceeding has no effect in support of a plea of former conviction." What the opinion meant by "void proceeding" can be gleaned from an examination of the authorities cited to support that statement, all of which stood for the principle that a conviction or acquittal in a court without jurisdiction is a nullity and will not support a plea of former conviction or acquittal. The opinion went on to say that a conviction obtained by fraud or collusion or obtained at the instigation of the defendant will not support a plea of former conviction. It cannot be said that the first trial here is a void proceeding under *Benard* as it was before a court of proper jurisdiction and there is no evidence of fraud or collusion.

Here, Thomas was prosecuted by *State action* and convicted before a court of competent jurisdiction. There was no evidence of fraud or collusion. Thus, further prosecution of these charges is barred. *Waller v. Florida, supra; Ramirez v. State, supra; Benard v. State, supra.*

As to the notion that the trial court may have failed to find that "both offenses" were reduced to justice court, neither the evidence nor the State's argument supports that hypothesis. Thomas assaulted Hill and Mayberry and was charged with aggravated assault and assault with bodily injury. He was arrested for those *charges.* He was jailed for those *charges.* The district attorney reduced the *charges.* The district attorney furnished the justice court with *both* offense reports. Thomas then was sentenced to the time served in jail. On Exhibit 3, the docket entry concerning No. 12046, Charge: Aggravated Assault, the notation was written in the "How released" box, "Reduced Charges." On Exhibit 4, the Docket Book, Charge: Assault with bodily injury, the notation was written "Reduced Charges." Exhibit 5, a letter from Thomas Hodge, Sheriff of Bowie County, to the Detention Center asked,

CCN: T87–20214

DOCKET: 12045–46

I request that you release Robert Thomas for (reason) chg reduced to Simple Assault—Time Served. Charges Agg. assault—assault w/Bodily injury.

[Signed] Thomas Hodge Sheriff

Of significance is that T87–20214, the number referred to at the top of the sheriff's letter, appears as the "Complaint No." on Exhibit 7, reflecting that Robert Thomas was, on May 2, 1987, at 3:45 a.m. charged by complaint for aggravated assault against Eddie M. Mayberry.

By the majority's action today, Thomas is being twice placed in jeopardy in violation of the United States Constitution and Article I, § 14 of the Texas Constitution. Not by the justice court, not by the district attorney's office, but by this Court. Being sworn to uphold the Constitutions of the United States and of this State, I cannot agree with the decision of this Court.