NUMBER 13-02-448-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 

 



NORMA SALAZAR d/b/a GOLDEN CHICK, Appellant,

 

v.



DELTA RESTAURANT SUPPLY CO. Appellee.

 



On appeal from the County Court at Law No. 2 of Nueces County, Texas. 
 

 

 

MEMORANDUM OPINION



Before Justices Yañez, Castillo and Garza

Opinion by Justice Garza





 Norma Salazar d/b/a Golden Chick (1) ("Salazar"), appeals a summary judgment in favor of Delta Restaurant Supply
Company ("Delta") in a suit on a sworn account. We reverse and remand.



A. Standard



 A party moving for summary judgment must show that there are no genuine issues of material fact and that it is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.
1995). When reviewing a traditional summary judgment, we review the evidence in the light most favorable to the party
against whom the summary judgment was rendered, disregarding all contrary evidence and inferences. Duge v. Union Pac.
R.R. Co., 71 S.W.3d 358, 361 (Tex. App.-Corpus Christi 2001, pet. denied). We indulge every reasonable inference in
favor of the non-movant, take evidence favorable to the non-movant as true, and resolve all doubts in the non-movant's
favor. Montemayor v. Chapa, 61 S.W.3d 758, 762 (Tex. App.-Corpus Christi 2001, no pet.). Evidence favoring the
movant's position may not be considered unless it is uncontradicted. Id.

B. Analysis

1. Rule 185



 As a preliminary matter, Salazar contends that because Delta did not plead a prima facie case on its claim under rule
185,(2)it is not entitled to the evidentiary presumption under that rule. Tex. R. Civ. P. 185.

 Rule 185 is not a rule of substantive law but a rule of procedure with regard to the evidence necessary to establish a prima
facie right of recovery. Rizk v. Fin. Guardian Ins. Agency, 584 S.W.2d 860, 862 (Tex. 1979); Manges v. Mustang Oil Tool
Co., 658 S.W.2d 725, 729 (Tex. App.-Corpus Christi 1983, writ ref'd n.r.e.). A prima facie case is made by sufficient proof
of the necessary facts that will support a judgment, and it will stand until it is overcome by other evidence. Copeland v.
Hunt, 434 S.W.2d 156, 158 (Tex. App.-Corpus Christi 1968, writ ref'd n.r.e.). It is one on which a party can recover if no
evidence is offered to the contrary. Id. It is within the province of this Court to determine whether pleadings are sufficient
on their face to constitute a sworn account. Price v. Pratt,647 S.W.2d 756, 757 (Tex. App.-Corpus Christi 1983, no writ).
Under rule 185, the petition must be supported by an affidavit to constitute prima facie evidence. See Tex. R. Civ. P. 185. 


 Here, Delta alleged in its original petition that: Salazar entered into agreements with Delta to furnish restaurant supplies;
Delta provided such supplies to Salazar; Salazar failed to pay for the supplies; and Salazar owes Delta $3,878.15.
However, Delta did not attach a supporting affidavit to its petition. See Id. Accordingly, Delta is not entitled to a prima
facie presumption under that rule. See id.

 Because Delta did not establish a prima facie case in its petition, we need not examine whether Salazar's answer was
sufficient under rule 185 to deny the claim. SeeId.; Price, 647 S.W.2d at 757-58 (stating that because insufficient
itemization and discrepancies in plaintiff's pleadings rendered plaintiff's sworn account improperly pled under rule 185,
defendant was therefore not required to file a sworn denial).

2. Common Law Action on Account



 We turn to Salazar's first issue on appeal. Salazar contends that Delta failed to establish the elements of a common law
action on account as a matter of law. The essential elements to prove a sworn account are: (1) there was a sale and
delivery of the merchandise or performance of the services; (2) the amount of the account is just, that is, that the prices
were charged in accordance with an agreement, or in the absence of an agreement, they are usual, customary, and
reasonable prices for that merchandise or services; and (3) the amount is unpaid. Adams v. H&H Meat Prods. Inc., 41
S.W.3d 762, 773 (Tex. App.-Corpus Christi 2001, no pet.). The plaintiff has the burden to prove, through competent
evidence, every item of the unpaid account. Worley v. Butler, 809 S.W.2d 242, 245 (Tex. App.-Corpus Christi, 1990, no
writ). 

 We first examine the element of sale and delivery. As evidence, Salazar submitted her affidavit with her response to the
motion for summary judgment. The affidavit states in relevant part: 

I specifically deny . . . an agreement or agreements to purchase goods and equipment from DELTA, and that DELTA
furnished or provided the same in full to me pursuant to agreement(s), if any, at my request, and including agreeing to
purchase, or taking, accepting or signing for delivery of goods and equipment related to restaurant supply from DELTA on
dates and in amounts show[n] in DELTA's Exhibit A to Motion for Summary Judgment and including the following:

 


 
 -9/25/01 for $573.60;
 


 

 

 


 
 -9/11/01 for $422.77;
 


 

 

 


 
 -8/20/01 for $2794.98; and 
 


 

 

 


 
 -8/13/01 for $11.30. 
 


 

 

 A similar situation was presented to this Court in Winston v. Frazier, 493 S.W.2d 600 (Tex. App.-Corpus Christi 1973, no
writ). In Winston, the plaintiff alleged in its pleadings that plaintiff provided defendant with certain materials and services
and was owed a certain sum for such items. Id. at 602. The plaintiff then moved for summary judgment. Id. at 600. The
defendant answered the summary judgment and attached two sworn affidavits. Id. In the affidavits, the defendant stated
that she did not authorize plaintiff to perform any work for her, nor did she request any of the materials that were set forth
in the sworn account. Id. at 602. The trial court granted summary judgment in favor of plaintiff. Id. at 600. The court of
appeals reversed, concluding that the affidavits raised a genuine issue of material fact sufficient to preclude summary
judgment. Id. at 602. 

 We find Winston to be sufficiently analogous to control the disposition of this case. See id. Here, Salazar denied that she
agreed to purchase, accept, take, or sign for the identified goods. She further denied that Delta furnished or provided such
goods. Because we take such evidence as true and resolve all doubts in Salazar's favor, Montemayor, 61 S.W.3d at 762, we
conclude Salazar's affidavit raised a genuine issue of material fact as to the element of sale and delivery precluding
summary judgment. See Tex. R. Civ. P. 166a(c); Winston, 493 S.W.2d at 602. The trial court erred in granting summary
judgment in favor of Delta. Id. Salazar's first issue is sustained. 

 The judgment of the trial court is reversed and the case remanded to the trial court for further proceedings. As Salazar's
first ground is dispositive, we need not address Salazar's remaining issues. Tex. R. App. P. 47.1. 



_____________________________

DORI CONTRERAS GARZA,

Justice



Opinion delivered and filed

this 24th day of July, 2003.

 




1. Delta's original petition is captioned "Norma Salazar d/b/a Golden Chick," and identifies the defendant as "an
individual, Ms. Norma Salazar." Salazar answered the lawsuit as "Norma Salazar, Individually and d/b/a Golden Chick
Restaurant ('Salazar')." The summary judgment order entered in this case is captioned "Delta Restaurant Supply Co. vs.
Golden Chick and Norma Salazar" and refers to the latter as "Defendants" notwithstanding that the summary judgment
motion and response refer to Salazar and Golden Chick as a single defendant. Because Salazar was sued and answered as
an individual, we treat her as a single appellant. 

2. Rule 185 states: When any action or defense is founded upon an open account or other claim for goods, wares and
merchandise, including any claim for a liquidated money demand based upon written contract or founded on business
dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a
systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some
officer authorized to administer oaths, to the effect that such claim is, within the knowledge of the affiant, just and true, that
it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie
evidence thereof, unless the party resisting such claim shall file a written denial, under oath. A party resisting such a sworn
claim shall comply with the rules of pleading as are required in any other kind of suit, provided, however, that if he does
not timely file a written denial, under oath, he shall not be permitted to deny the claim, or any item therein, as the case may
be. No particularization or description of the nature of the component parts of the account or claim is necessary unless the
trial court sustains special exceptions to the pleadings. Tex. R. Civ. P. 185.